251 So.2d 904 (1971)
GULF LIFE INSURANCE COMPANY, Defendant-Third Party Plaintiff-Appellant,
v.
Zoila URQUIAGA, Plaintiff-Appellee, Joseph A. Gregory et al., Third-Party Defendants-Appellees.
Joseph A. GREGORY, Alice F. Gregory et al., Third-Party Defendants-Appellants,
v.
Zoila URQUIAGA, Plaintiff-Appellee, Gulf Life Insurance Company, Defendant-Third Party Plaintiff-Appellee.
Nos. 70-424, 70-423.
District Court of Appeal of Florida, Second District.
July 9, 1971.
Rehearing Denied September 21, 1971.
*905 William F. McGowan, Jr. and Thomas A. Clark, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellant, Gulf Life Ins. Co.
George W. Phillips, Tampa, for appellants, Joseph A. Gregory, et al.
Wm. B. Goodson of Whitaker & Goodson and John A. Grimaldi, Tampa, for appellee, Zoila Urquiaga.
McNULTY, Judge.
Zoila Urquiaga sued in specific performance to compel Gulf Life Insurance Company to issue receipts for allegedly prepaid life insurance premiums delivered in the form of certain checks to appellant Gregory, the agent of Gulf Life. Gulf Life filed a third party claim against Gregory, who was not a party to the original action, and both actions have been consolidated. The trial court entered judgment, which included attorneys' fees, in favor of the plaintiff Urquiaga and against Gulf Life (thus rendering Gregory liable to Gulf Life on the third party claim), and this appeal ensued.
It is undisputed that at the time of the suit and, indeed, at the present time, appellee Urquiaga was and is the owner of certain life insurance policies issued by Gulf Life in which she is either the insured or a beneficiary, and for which all premiums due have been paid. The sole factual issue in the case is whether the aforementioned checks were delivered to Gregory to pay future premiums or, as contended by Gregory, were merely cashed by him as an accommodation to Urquiaga. The trial judge preliminarily denied a motion to dismiss which urged that equity was not the proper forum hereof for the reason that an adequate remedy existed at law sounding in conversion. Thereafter, pursuant to stipulation, the court empaneled an "advisory" *906 jury to decide the specific question of fact aforesaid. The jury found in favor of Gregory, and thus Gulf Life, but the trial judge rejected the jury verdict as being contrary to the manifest weight of the evidence. Thereupon, the judgment appealed from was entered. We affirm.
In the first place, we think the court was correct in allowing the cause to proceed in equity. It may well be that the plaintiff could have sued in conversion against the agent Gregory; but because of the singular nature of prepaid life insurance and the value of receipts therefor we cannot say, as a matter of law, that plaintiff's legal redress would have been adequate. She had the right initially to choose the forum and the defendant, and to seek such relief as to her seemed adequate; and in cases in which adequacy is doubtful, such as here, equity will assume jurisdiction.[1]
Next, concerning the trial court's rejection of the verdict of the "advisory" jury, we think he acted within his province. While this point is one of first impression in Florida the overall weight of authority in other jurisdictions permits just such action as that taken by the trial judge here.[2] We see no reason to reject this authority, nor do we think the Florida rules of civil procedure, as they pertain to jury trials generally, require departure therefrom. Neither do we think that the recent merger of law and equity, Rule 1.040 R.C.P., 30 F.S.A. requires a different result since, as we have recently held,[3] such rule is a procedural one and does not affect the substantive differences between law and equity. The chancellor is the trier of law and fact, and it is his ultimate findings and judgment alone which are subject to review. Here, his actions though perhaps unusual, have not been shown to be reversible.
Coming now to the question of the award of attorneys' fees, appellants argue that this is not an action "under a policy" of insurance as contemplated by F.S. § 627.0127, F.S.A. 1969, which provides in material part that:
"(1) Upon the rendition of a judgment or decree * * * against an insurer and in favor of an insured or the named beneficiary under a policy * * * executed by the insurer, the trial court * * * shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the * * * attorney prosecuting the suit in which the recovery is had." (Italics supplied.)
Their position is untenable.
The foregoing provision of the insurance code is a part of the public policy of this state, and the purpose thereof is to discourage the contesting of insurance policies by insurers.[4] Merely because neither coverage, nor the amount or existence of the policies is in dispute here does not mean that the insurer is not contesting the policies involved in this action. In essence, a bona fide controversy exists now as to the status of the policies involved, which controversy amounts, we think, to a "contesting" thereof at least to the extent of the period of time for which they are paid up and/or insofar as the prepaid premiums may affect the present loan or cash surrender value thereof. Analogously, could not *907 plaintiff have maintained a declaratory judgment action[5] in which the extent of her contractual rights against Gulf Life could be adjudicated?[6] And if so, who could gainsay that she would be entitled to an award of attorneys' fees under the statute should she prevail in the adjudication of such rights, some or all of which Gulf Life presently contests? Attorneys' fees were properly awarded.
No reversible error being shown, therefore, the judgment appealed from should be, and the same is hereby, affirmed.
PIERCE, C.J., and LILES, J., concur.
NOTES
[1] See, e.g., Wilson v. Wakulla Edgewater Co. (1948), 160 Fla. 702, 36 So.2d 440; Ponce v. Demos (1947), 159 Fla. 117, 31 So.2d 58, and McNabb v. Tampa & St. Petersburg Land Co. (1919), 78 Fla. 149, 83 So. 90.
[2] See, 30A C.J.S. Equity § 510; and 27 Am.Jur.2d Equity § 242.
[3] Emery v. International Glass & Mfg., Inc., Fla.App., 249 So.2d 496, Opinion filed June 16, 1971.
[4] See, e.g., Feller v. Equitable Life Assur. Soc. of U.S. (Fla. 1912), 57 So.2d 581; Old Republic Ins. Co. v. Monsees (Fla. App. 1966), 188 So.2d 893; Salter v. National Indem. Co. (Fla.App. 1964), 160 So.2d 147.
[5] See, F.S. § 86.011 et seq., F.S.A. 1969.
[6] Indeed, except for the absence of an express prayer for a declaratory judgment, the compaint herein may well be in substance just such an action, with the prayer for specific performance being one for supplemental relief as contemplated by F.S. § 86.061, F.S.A. 1969.