439 So.2d 332 (1983)
CREDIT ALLIANCE CORPORATION, a California Corporation, Appellant,
v.
WESTLAND MACHINE COMPANY, INC., a Florida Corporation, Appellee.
No. 83-258.
District Court of Appeal of Florida, Third District.
October 18, 1983.
As Modified on Denial of Rehearing November 29, 1983.
*333 Michael A. Bienstock, Miami, for appellant.
Oscar J. Delgado, Hialeah, for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
Credit Alliance, the plaintiff below, sought a deficiency judgment stemming from the replevin and public sale of certain industrial equipment purchased by Westland and financed by Credit Alliance. A jury verdict was rendered in favor of Westland and Credit Alliance appealed. We reverse and remand for further proceedings consistent with the views expressed herein.
The principal error alleged by Credit Alliance is the trial court's failure, in spite of a contractual waiver of trial by jury, to strike Westland's jury demand. Relying on section 672.302, Florida Statutes (1981), Westland argues that such a contractual provision, concededly buried in boiler plate, is unconscionable. We disagree. The contract in question was agreed to by experienced businessmen. There is no evidence of overreaching or unconscionability within the meaning of section 672.302. Although the record demonstrates that he never read the contract, Westland's president cannot now be heard to complain of its terms. He is bound by the contract which he signed. See Allied Van Lines, Inc. v. Bratton, 351 So.2d 344 (Fla. 1977); All Florida Surety Co. v. Coker, 88 So.2d 508 (Fla. 1956); Alejano v. Hartford Accident & Indemnity Co., 378 So.2d 104 (Fla. 3d DCA 1979); John Deere Industrial Equipment Co. v. Roberts, 362 So.2d 65 (Fla. 1st DCA 1978), cert. denied mem., 372 So.2d 470 (Fla. 1979).
Westland's alternative argument, that a contractual provision waiving a jury trial is or should be void as against public policy, is without merit. See Central Investment Associates v. Leasing Service Corp., 362 So.2d 702 (Fla. 3d DCA 1978) (contractual waivers of jury trial are enforceable in both Florida and New York), and the cases cited therein.
Reversed and remanded for further consistent proceedings.