GARRETT, Judge.
James McVeigh appeals a mortgage foreclosure judgment entered against him personally. The issue to be decided, as expressed by the trial judge and agreed to by the parties, is whether the language contained in a certain mortgage given by Mr. and Mrs. Belton constituted a bar to entry of the appealed final judgment. Our holding as to this issue is dispositive of all other issues.
In May of 1975, Mr. and Mrs. Mirabito purchased land from Sarah Oliver et al. and gave the sellers a first mortgage (Oliver mortgage). In October of 1975, the Mirabi-tos sold the property to Mr. and Mrs. Bel-ton and conveyed a deed (Belton deed) which contained a “subject to” clause as to the Oliver mortgage. The Beltons also gave the Mirabitos a purchase money second mortgage (Belton mortgage) which contained a clause releasing the Beltons, their heirs and assigns, from any personal responsibility or liability for the payment of any indebtedness secured by or assumed in the second mortgage. The clause also restricted the remedy of any holder of the second mortgage, in the event of default or breach, to foreclosure. In July of 1981, the Beltons sold the property to appellant, James McVeigh, and John Crisafulli (McVeigh deed), subject to both the Oliver and Belton mortgages. In October of 1983, the holders of the Oliver mortgage assigned it to Aida McVeigh. After appellant defaulted, the Mirabitos foreclosed the Bel-ton mortgage. Aida McVeigh then sued the Mirabitos, the Beltons, appellant and The American Bank of Merritt Island to foreclose the Oliver mortgage. The Mira-bitos filed a cross claim against appellant based upon the “subject to” clause in the McVeigh deed. The trial court entered a $57,382.43 judgment in favor of Aida McVeigh which the Mirabitos paid. After further proceedings, the trial court entered a $57,382.43 judgment on the Mirabitos’ cross claim against appellant.
*1227 We reverse the judgment against appellant. The law recognizes the difference between a grantee who “assumes” and agrees to pay an outstanding mortgage and a grantee who takes “subject to” an outstanding mortgage.
The former may be held personally liable; the latter is threatened only with the loss of his equity in the property in the event of foreclosure. In the absence of clear language to the contrary, a grantee who “assumes” a mortgage encumbering real property becomes personally liable to pay same as though he is “assuming and agreeing to pay” it. The use of the words “subject to” the mortgage in the absence of contrary language on the deed, eliminates the personal liability of the grantee to pay the indebtedness which the mortgage secures.
Kendall House Apts., Inc. v. Department of Revenue, 245 So.2d 221, 223 (Fla.1971), cert. denied, 404 U.S. 832, 92 S.Ct. 74, 30 L.Ed.2d 62 (1971). A conveyance of property subject to the mortgage does not in and of itself create any right of indemnification. Mhoon v. Singleton, 503 So.2d 374, 375 (Fla. 1st DCA 1987).
The grantee of land which is subject to a mortgage assumes no personal liability for the obligation secured by the mortgage where he has not by express agreement undertaken the payment thereof. He is liable neither legally nor equitably to indemnify his grantor against the mortgage and he cannot be compelled to pay the mortgage debt by the mortgagee.... Nor is the rule generally altered by the circumstance that the owner conveys subject to a mortgage, and deducts the amount thereof from the consideration. A statement in the deed that it is subject to a specified mortgage does not alone make the grantee personally liable for the payment of the mortgage debt. Such stipulation does not with sufficient clearness import an intention by the grantor to create and by the grantee to assume, a personal obligation to pay the mortgage debt.
Alabama-Florida Co. v. Maps, 111 Fla. 100, 149 So. 61, 65 (Fla.1933) (quoting 19 R.C.L. 372). “The primary rule of construction of a mortgage is to ascertain the intention of the parties, which is accomplished not only from the face of the instrument but also from the situation of the parties and the nature and object of their transactions.” Watson v. Poe, 203 So.2d 14, 15 (Fla. 4th DCA 1967). All documents executed contemporaneously with a mortgage and which are part of the same transaction should be read together to determine the intention of the parties. Boyette v. Carden, 347 So.2d 759 (Fla. DCA 1977).
In the Belton deed and mortgage the Mirabitos expressly agreed not to hold either the Beltons or their assigns personally liable. The deed contained the following language:
Further subject to that certain mortgage from Frank Mirabito and Mae R. Mirabito, his wife, to Sarah H. Oliver, [et al.], dated May 1, 1975, ..., securing the payment of the original principal sum of $144,000.00, which the grantee, as part of the consideration for this conveyance, expressly assumes and agrees to pay according to the terms and conditions thereof.
The mortgage contained the following language:
This is a second mortgage ... subordinate and inferior to a first mortgage executed by [Mirabito] to Sarah H. Oliver, [et. al], ... given to secure the original principal amount of $144,000. The mortgagors herein hereby assume said first mortgage and covenant and agree to promptly discharge and timely fulfill and discharge all the obligations and covenants to be performed by the original mortgagors in said first mortgage....
Notwithstanding any of the other provisions of this mortgage or any other instrument evidencing, securing or relating to the indebtedness hereby secured, or the first mortgage herein assumed, it is expressly stipulated and agreed by and between the mortgagors and mortgagees, that the mortgagors shall in no way be personally responsible nor liable for the payment of any indebtedness secured by this mortgage, nor for the performance of any of the undertakings or agreements of the mortgagors, their *1228 heirs or assigns, by reason of their execution and delivery of this mortgage. The remedy of any holder of the first mortgage herein assumed, or holder of any other instrument pertaining to the indebtedness secured by and assumed in this mortgage shall be restricted, in the event of breach or default, to the foreclosure or the enforcement of the lien of such mortgage or mortgages upon the equity of the mortgagors in the security described in such mortgage or mortgages.
Appellant is an “assign” of the Beltons. He took the property “subject to” the Bel-ton mortgage and never agreed to “assume” the Oliver mortgage and be personally liable. The McVeigh deed contained the following language:
This conveyance is subject to that certain mortgage from Leslie 0. Belton, Jr. and Julia A. Belton, his wife, in favor of Prank Mirabito and Mae E. Mirabito, his wife, dated October 1,1975, ..., securing payment of the original sum of $424,-950.00 which mortgage the grantees, as part of the consideration for this conveyance, expressly assume and agree to pay according to the terms and conditions thereof.
However, appellees now argue that because they purchased the Oliver mortgage, the language of the Belton mortgage no longer controls. But we find this latest argument to be baseless since the Mirabi-tos did not purchase the Oliver mortgage, they merely paid off the judgment Aida McVeigh obtained against them in the Oliver mortgage foreclosure action.
Based upon our reading of all the documents we conclude the parties did not intend that appellant would be personally liable and therefore, we reverse the final judgment against appellant and remand for further proceedings consistent herewith.
WALDEN and GUNTHER, JJ., concur.