PER CURIAM.
This is an appeal from a sentence which is at variance with the oral pronouncement. Defendant was convicted of grand theft of a motor vehicle. At sentencing, the trial court placed defendant on probation for five years with a condition that he spend 240 days in county jail with credit for 209 days served. However, the minutes and judgment sheet indicate that the trial court placed defendant on probation for 5 years, without any mention of the condition regarding county jail time. Furthermore, the record contains a separate written sentence committing defendant to county jail for a term of 240 days. The defendant argues on appeal that the trial court erred in imposing two separate sanctions for one offense, and that the combination of incarceration and probation exceed the statutory maximum penalty for grand theft of a motor vehicle, a third degree felony. See State v. Holmes, 360 So.2d 380 (Fla.1978). The state acknowledges that the written sentence is erroneous.
Although defendant argues that the five year probationary term should be vacated, it is clear from the oral pronouncement that the court intended to impose the county jail term as a condition of probation. Cf. Lester v. State, 563 So.2d 178 (Fla. 5th DCA 1990); Harden v. State, 557 So.2d 926 (Fla. 5th DCA 1990).
The sentence is reversed and the cause remanded for the trial court to enter a proper probation order in conformity with the oral pronouncement at sentencing.
REVERSED AND REMANDED.
DAUKSCH, GOSHORN and GRIFFIN, JJ., concur.