564 So.2d 1259 (1990)
C & C WHOLESALE, INC., a Florida Corporation, and Charles J. Williams, Individually and As a Shareholder of Pinellas Electronics Associates, Inc., Appellants,
v.
FUSCO MANAGEMENT CORPORATION, a Connecticut Corporation, Beulah Kay Vega, and Pinellas Electronics Associates, Inc., a Florida Corporation, Appellees.
Charles J. WILLIAMS, Appellant,
v.
FUSCO MANAGEMENT CORPORATION, Appellee.
Nos. 89-00552, 89-01951.
District Court of Appeal of Florida, Second District.
August 10, 1990.
*1260 George J.F. Werner, Clearwater, for appellants.
Andrew J. Rodnite, Jr. of Joseph R. Park, P.A., Clearwater, for appellee Fusco.
David E. Platte, Clearwater, for appellee Vega.
SCHEB, Judge.
The appellants, C & C Wholesale and Charles Williams, appeal the final judgment rendered after a nonjury trial on their multiple-count complaint and a counterclaim filed by the appellees, Vega and Pinellas Electronics Associates, Inc. The appellants challenge the trial judge's conducting a nonjury trial on four counts, thus denying them the jury trials they requested. Also, they challenge an award of attorney's fees to Appellee Fusco, Inc., granted pursuant to Fusco's post-judgment motion. We affirm in part and reverse in part.
In February 1987, Williams and C & C Wholesale filed the instant action, alleging conversion, constructive eviction, unjust enrichment, and intentional interference with business relationships. Appellees Fusco, Vega, and Pinellas Electronics answered, and Vega and Pinellas Electronics filed a counterclaim, making similar allegations.
Over the course of the pretrial proceedings, some of the counts were dismissed either totally or as against one party. Other counts were either set for jury trial or set for nonjury trial with the consent of all parties. The record indicates that the remaining counts were tried by the judge in January 1989 over the appellants' objection.
After the trial, the court held that all parties were to take nothing and were to bear their own court costs. Later, however, Fusco filed a post-judgment motion for attorney's fees, citing a clause providing for attorney's fees in a lease it signed with Williams. The trial court granted the motion and awarded Fusco attorney's fees.
We first discuss the appellants' arguments concerning their right to have certain counts tried by a jury, namely count I (conversion), count III (constructive eviction), count IV (unjust enrichment), and count V (intentional interference of business relations). In their amended complaint, the appellants specifically requested a jury trial for count I (conversion)[1] but *1261 not for counts III, IV, or V. The appellants contend that under Florida Rule of Civil Procedure 1.430(c), their demand for jury trial as to count I applied to all counts triable by a jury.
The better practice is to demand a jury trial in each count or at the end of the complaint with the notation that the demand applies to all counts. See Jerome v. William A. Reid Constr. Ltd., 307 So.2d 248 (Fla. 4th DCA 1975). We need not address, however, whether the appellants' failure to do so constitutes a waiver. Regardless, the counts at issue should have been tried by a jury because they are based on the same factual scenario as count I, for which the appellants requested a jury trial. The record convinces us that the issues involved in the several counts are so interwoven that a determination by the first fact-finder would probably bind the second. See Chenery v. Crans, 497 So.2d 267, 269 (Fla. 2d DCA 1986). Thus, they are properly triable by a jury along with count I.
The only wrinkle is that Appellant Williams and Appellee Fusco were parties to a lease which specifically waived the right to jury trial as to any issue arising from that lease. Because the Williams' claims against Fusco arose from their relationship as tenant and landlord and because there are no allegations that the lease is not legally enforceable as a whole, we hold that the waiver is enforceable. See Credit Alliance Corp. v. Westland Mach. Co., Inc., 439 So.2d 332 (Fla. 3d DCA 1983). The waiver, however, binds only Williams and Fusco, the lease's signatories. Consequently, it does not apply to Williams' claims against Vega or C & C Wholesale's claims against Fusco or Vega.
We turn now to the appellants' arguments regarding the award of attorney's fees to Fusco. We agree with the appellants that Fusco waived its right under the lease to seek fees by not specifically pleading them in its answer. Attorney's fees claimed pursuant to a contract must be pled, although proof of those fees may be presented for the first time post-judgment. Millard v. Brannan, 553 So.2d 1248, 1251-1252 (Fla. 2d DCA 1989). See Bowman v. Corbett, 556 So.2d 477 (Fla. 5th DCA 1990). Here, Fusco did not plead attorney's fees until its post-judgment motion. Thus, it waived its entitlement to attorney's fees in the nonjury trial.
In summary, because Williams' claims against Fusco in counts I and III were properly tried without a jury, we affirm the final judgment as to those claims. Otherwise, we reverse the final judgment and remand for jury trials on counts I, III, IV, and V of the complaint with the exception of those claims of Williams against Fusco. We also reverse the order awarding attorney's fees to Fusco.
SCHOONOVER, C.J., and CAMPBELL, J., concur.
NOTES
[1] The appellants also requested a jury trial as to count II (civil theft), but that count was dismissed.