574 So.2d 1159 (1991)
Larry PALOMARES, and Jorge Noya, Individually and As General Partners of Total Investments, a Florida General Partnership, Appellants,
v.
OCEAN BANK OF MIAMI, a State Banking Corporation, Appellee.
No. 90-275.
District Court of Appeal of Florida, Third District.
February 5, 1991.
Rehearing Denied March 13, 1991.
David M. Shenkman, Coral Gables, Shalle Stephen Fine, Miami, for appellants.
Coffey, Aragon, Martin, Burlington and Serota, and Kendall B. Coffey, Louis K. Nicholas II, Miami, for appellee.
Before BARKDULL, HUBBART and FERGUSON, JJ.
PER CURIAM.
Appellants, mortgagors of certain real property, appeal from a final judgment of foreclosure. We affirm, briefly addressing each issue raised as grounds for appeal.
During the period between March 6, 1985, and July 8, 1987, appellants borrowed approximately $3.3 million from appellee, Ocean Bank, for the development of a shopping center. The first loan was for $600,000 on March 6, 1985; the second enlarged the debt to $2,100,000 on June 7, 1985; the third raised it to $2,900,000 on December 7, *1160 1986; the final loan raised the debt to $3,385,539.75 on July 8, 1987.
Appellants subsequently brought suit against Ocean Bank alleging fraud in inducing them to execute contracts, mortgage deeds, and notes in connection with the shopping center project; Ocean Bank counterclaimed to foreclose the mortgage on the subject property. After a court-ordered severance, a nonjury trial was conducted on Ocean Bank's counterclaim for foreclosure along with appellants' affirmative defense of material alteration. A final judgment of foreclosure was entered from which this appeal is brought.

Discharge By Material Alteration
Appellants first contend that the $2,900,000 promissory note in question, the third note in the series of loans, was discharged by material alteration pursuant to section 673.407, Florida Statutes (1985).[1] Specifically, appellants claim that three changes were made to the promissory note: (1) the date was changed from December 7 to December 16, 1986; (2) the right to a refund of part of the finance charge was removed from the note; and (3) a $100,000 Certificate of Deposit was added as security on the note.
Section 673.407(2)(a) requires that, in order to discharge a debt, an alteration to an instrument must be both material and fraudulent. Peacock v. Farmers and Merchants Bank, 454 So.2d 730 (Fla. 1st DCA 1984). The changes made to the promissory note in this case were neither.
First, although the date was changed in the upper right-hand corner of the note, the date the interest began to accrue, December 16, 1986, was identical in both versions of the note. Second, the alteration regarding the refund of finance charges did not change the contractual relationship between the parties because a refund was a possibility in either version of the note. Third, the collateralization of the $100,000 Certificate of Deposit on the $2,900,000 note was with the express approval and authorization of appellants by virtue of their blanket assignment of the Certificate to Ocean Bank on October 3, 1986, during an unrelated transaction.

Waiver Of Jury Trial
Appellants next challenge the trial court's determination that they contractually waived their right to a jury trial. We disagree with appellants' assertions that such waivers are constitutionally impermissible and are controlled by Florida Rule of Civil Procedure 1.430. This court has previously upheld the validity of contractual waivers of jury trial. See Poller v. First Virginia Mortgage and Real Estate Inv. Trust, 471 So.2d 104, 106 (Fla. 3d DCA), rev. denied, 479 So.2d 118 (Fla. 1985); Credit Alliance Corp. v. Westland Mach. Co., Inc., 439 So.2d 332 (Fla. 3d DCA 1983). See also Central Inv. Assoc., Inc. v. Leasing Serv. Corp., 362 So.2d 702 (Fla. 3d DCA 1978) (there is no public policy reason why a contract provision waiving trial by jury in an action arising under the contract should not be enforced in Florida). Rule 1.430 prescribes the procedural method for invoking a jury trial during the course of litigation, and is not applicable to precontroversy contractual waivers.

Denial of Leave to Amend
Appellants' third contention is that the trial court erred in denying leave to *1161 amend their pleadings to add a claim of "prevention of performance" as both a count of the original complaint for fraudulent inducement and an affirmative defense to Ocean Bank's counterclaim for foreclosure. The attempted amendment to appellants' affirmative defenses was filed without leave of court, just two weeks prior to trial, over two years after the case was filed, and after previous attempts to plead the same claim had been rejected by the court. No appeal is brought from the court's ruling that no cause of action was stated in the earlier attempted amendments. On these facts, we cannot conclude that the trial court abused its discretion in denying appellants' last motion for leave to amend. See Affordable Homes, Inc. v. Devil's Run, Ltd., 408 So.2d 679 (Fla. 1st DCA 1982) ("Generally, trial court will give leave to amend a deficient [pleading] unless there has been abuse of the amendment privilege or the [pleading] shows on its face that there is a deficiency which cannot be cured by amendment."); Feigin v. Hospital Staffing Servs., Inc., 569 So.2d 941 (Fla. 4th DCA 1990) (refusal to grant leave to amend seventh complaint filed over a four-year period was not an abuse of discretion where complaint failed to state a cause of action).
We cannot decide whether the court abused its discretion in denying appellants leave to amend their second amended complaint for fraud to add a claim for prevention of performance for two reasons. First, the complaint and counterclaim were severed by an agreed order and this appeal is brought only from the judgment of foreclosure entered on the counterclaim. Second, we would not have decided the issue even if a separate appeal had been brought from the order denying leave to amend the complaint because, in this case, the order would have been nonfinal and nonappealable. Fla.R.App.P. 9.130(a)(3). See Hawaiian Inn of Daytona Beach, Inc. v. Snead Constr. Corp., 393 So.2d 1201 (Fla. 5th DCA 1981); Sexton v. Panning Lumber Co., 260 So.2d 898, 902-903 (Fla. 4th DCA), cert. denied, 271 So.2d 764 (Fla. 1972).
The judgment of foreclosure entered on the severed counterclaim is affirmed.
NOTES
[1] Section 673.407, Florida Statutes (1985) states in pertinent part:

(1) Any alteration of an instrument is material which changes the contract of any party thereto in any respect, including any such change in:
(a) The number or relations of the parties; or
(b) An incomplete instrument, by completing it otherwise than as authorized; or
(c) The writing as signed, by adding to it or by removing any part of it.
(2) As against any person other than a subsequent holder in due course:
(a) Alteration by the holder which is both fraudulent and material discharges any party whose contract is thereby changed unless that party assents or is precluded from asserting the defense;
(b) No other alteration discharges any party and the instrument may be enforced according to its original tenor, or as to incomplete instruments according to the authority given.