603 So.2d 576 (1992)
VISTA CENTRE VENTURE, etc., et al., Appellants,
v.
UNLIKE ANYTHING, INC., etc., et al., Appellees.
No. 91-1106.
District Court of Appeal of Florida, Fifth District.
July 17, 1992.
*577 James M. Magee of Neduchal & Magee, P.A., Orlando, for appellants.
No appearance for appellees.

ON MOTION FOR REHEARING OR CLARIFICATION
DIAMANTIS, Judge.
We withdraw the previous opinion and issue the following in its stead.
Vista Centre Venture (lessor) appeals from an order entered after a non-jury trial which evicted its tenant, Unlike Anything, Inc. (lessee), from Vista's shopping center and which set the issue of damages stemming from the parties' breach-of-lease claims for a jury trial. We affirm in part, reverse in part and remand for further proceedings consistent with this opinion.
Lessor first contends that the trial court erred in setting aside the portion of the final judgment which was favorable to the lessor. In the judgment the trial court found that lessee owed lessor back rent, but also found that the lessor had violated the "exclusive" clause in the lease. The trial court indicated that it was not certain as to the extent and nature of the violation but set lessee's damage claim off exactly against lessor's claim for rent ($14,667.30). On lessee's motion for rehearing, the trial court set aside the final judgment and ordered that this matter be set for jury trial on the issue of damages because it had acted ostensibly as a mediator rather than a fact-finder.
Subsequently, on lessor's motions for rehearing and clarification, the trial court held that the lessor was entitled to eviction, denied the lessee's request for injunctive relief, and denied the lessor's objection to setting this matter for jury trial. We find that there were sufficient grounds to support the trial court's setting aside the final judgment and setting this matter for a trial on damages because the trial court acknowledged that it acted more as a mediator than a trier of fact. See Castlewood International Corp. v. LaFleur, 322 So.2d 520 (Fla. 1975).
Lessor next gives three reasons why the trial court erred in setting the damages issues for jury trial. First, lessee never requested damages in that it had merely filed a declaratory judgment suit to prevent eviction and to enforce the exclusivity provision of the lease[1] in its favor. Second, neither lessor nor lessee ever requested a jury trial at any stage of the proceedings below.[2] Third, the parties had expressly waived any right to trial by jury *578 concerning the lease in their lease agreement.[3]
We hold that the trial court did not err in setting this matter for a trial on damages even though lessee did not specifically ask for damages in the declaratory action. Lessee requested general relief and the trial court may grant such relief including general damages. Thomas v. Cilbe, Inc., 104 So.2d 397 (Fla. 2d DCA 1958); § 86.061, Fla. Stat. (1989); Fla.R.Civ.P. 1.110(b); Trawick, Florida Practice and Procedure §§ 6-12, 25-9 (1991). See also Davidson v. Lely Estates, Inc., 330 So.2d 528 (Fla. 2d DCA 1976).
However, we disagree with the trial court that the issue concerning the amount of damages owed for breach of the lease should be set for a common law jury trial. A trial court can submit an appropriate case to a jury even though there has been no demand for one,[4] and even though a party has failed to timely request a jury trial under the Florida Rules of Civil Procedure. Fla.R.Civ.P. 1.430(d). However, this rule does not apply to the situation where both parties have contracted for a non-jury trial on issues arising out of the contract. Waivers of the right to jury trial by contract are enforceable and will be upheld. Palomares v. Ocean Bank of Miami, 574 So.2d 1159 (Fla. 3d DCA) rev. denied, 587 So.2d 1328 (Fla. 1991); C & C Wholesale, Inc. v. Fusco Management Corp., 564 So.2d 1259 (Fla. 2d DCA 1990); Central Investment Associates, Inc. v. Leasing Service Corp., 362 So.2d 702 (Fla. 3d DCA 1978). A trial court commits reversible error when it chooses to ignore the parties' contractual waiver of a jury trial and orders a common law jury trial unless there is sufficient showing why the waiver should not be enforced. Credit Alliance Corp. v. Westland Machine Co., Inc., 439 So.2d 332 (Fla. 3d DCA 1983).
The record contains no suggestion that lessee's representatives were not experienced businessmen and were "overreached" by lessor's or that the enforcement of the waiver clause against lessee would be "unconscionable." Under these circumstances, the parties are bound by the terms of their contract. The trial court cannot, in effect, rewrite the parties' contract by granting a jury trial over the objections of one party.[5] The trial court thus erred in ordering a common law jury trial.
We note, however, that a contractual waiver by the parties to a common law jury trial does not limit the trial court's discretion to set this matter for an advisory jury.
Historically, factual issues that are not triable as a matter of right before a jury such as in probate or equity cases may be tried at the discretion of the trial court before an advisory jury. In Re Wartels' Estate, 338 So.2d 48 (Fla. 3d DCA 1976) affirmed, 357 So.2d 708 (Fla. 1978); In Re Fanelli's Estate, 336 So.2d 631 (Fla. 2d DCA 1976); Gulf Life Insurance Company v. Urquiaga, 251 So.2d 904 (Fla. 2d DCA 1971). Where the parties have effectively waived their right to a common law jury trial there is no right to such a jury trial, but the trial court may in its discretion *579 utilize an advisory jury. Hargrove v. American Central Insurance Company, 125 F.2d 225 (10th Cir.1942); Lumbermens Mutual Casualty Co. of Illinois v. Timms & Howard, 108 F.2d 497 (2d Cir.1939); Coates v. National Cash Register Co., 433 F. Supp. 655 (W.D.Va. 1977); Ligouri v. New York, N.H. & H.R. Company, 26 F.R.D. 565 (D.Conn. 1961). However, even with an advisory jury the trial court is the trier of both law and fact and it is the trial court's ultimate findings and judgment alone which are subject to review. Gulf Life Insurance Company, supra; Cox v. Babcock & Wilcox Company, 471 F.2d 13 (4th Cir.1972); Wilson v. Prasse, 463 F.2d 109 (3d Cir.1972).
While a court cannot impose a common law jury trial upon parties who have contractually agreed to try their case to the court, a trial court is not imposing a jury trial upon the parties when it utilizes a jury in an advisory capacity because the jury acts merely as an aid to the court who must make its own findings of fact and conclusions of law and must bear the ultimate responsibility for the judgment. Thus, where the parties have contractually agreed to try their case to the court, an advisory jury does not interfere with this agreement because the trial court, which is not bound by the findings of fact made by the advisory jury, will make its own independent findings. See Gulf Life Insurance Company; Hyde Properties v. McCoy, 507 F.2d 301 (6th Cir.1974). In essence, the parties are receiving what they contracted for  a trial by the court. In this regard, the advisory jury is a procedural tool that the trial court may utilize in cases in which the trial court determines that an advisory jury is likely to be helpful to the court in discharging its function.
Accordingly, we affirm the trial court's order vacating the damage portion of the final judgment. However, we reverse the trial court's order empaneling a common law jury and remand this cause to the trial court to decide whether, in its discretion, it should empanel an advisory jury.[6]
AFFIRMED in part; REVERSED in part; REMANDED.
DAUKSCH, J., concurs.
W. SHARP, J., concurs in part and dissents in part, with opinion.
W. SHARP, Judge, concurring in part, dissenting in part.
Vista Centre Venture (Vista) appeals from an order which partially set aside a judgment rendered after a nonjury trial. The order allowed that part of the judgment which evicted Vista's tenant, Unlike Anything, Inc. (Unlike), from the shopping center and which denied Unlike's application for an injunction against its eviction to stand, but which set the issue of damages for breach of lease by both parties, for a jury trial. I would reverse the setting of the damages issue for jury trial and affirm the balance.
In two separate lawsuits, Vista and Unlike sued one another. Vista sought to evict Unlike from its shopping center, and to collect back-due rent. Unlike sought to enjoin the eviction suit, and to enforce an exclusivity provision in its lease.[1] The two suits were consolidated for trial below.
In the judgment rendered after the nonjury trial, the judge found that Unlike owed Vista back rent, but it also found Vista had violated the exclusivity provision of the lease. The trial judge said he was not certain as to the extent and nature of the violation by Vista but he set off Unlike's damage claim exactly against Vista's claim for unpaid rent ($14,667.30). On Unlike's motion for rehearing, the trial judge set the damage portion of the judgment aside because he recognized it was based *580 upon insufficient evidence. In awarding an equal setoff of Unlike's damage claim against Vista's rent claim, he admitted he had been acting more as a mediator than a fact-finder. There is a sufficient basis to support setting aside the damage part of the final judgment. See Castlewood International Corp. v. LaFleur, 322 So.2d 520 (Fla. 1975).
Vista gives three reasons why the judge erred in setting the breach-of-lease damage issue for jury trial. First, Unlike never requested damages. Its declaratory judgment suit sought to prevent its eviction and to enforce the exclusivity provision of the lease. However, Unlike's pleadings did contain a general request for appropriate relief, and it alleged a breach of the lease by Vista. Second, neither Vista nor Unlike ever requested a jury trial at any stage of the proceedings below. Third, the parties had expressly waived any right to trial by jury concerning the lease in their lease agreement.[2] I would reverse on the third ground.
In my view (and the majority opinion apparently agrees with me), the remaining issue (amount of damages due to either party for breach of lease) should not be set for jury trial. A trial judge can submit an appropriate case to a jury even though there has been no demand for one,[3] and even though a party has failed to timely request a jury trial under Florida Rules of Civil Procedure. Fla.R.Civ.P. 1.430(d). But this rule does not reach the situation in this case where both parties have contracted for a non-jury trial on issues arising out of that contract and one party is being forced into a jury trial against its will and consent.
Waivers of the right to jury trial in contracts and leases are enforceable and will be upheld. Palomares v. Ocean Bank of Miami, 574 So.2d 1159 (Fla. 3d DCA), rev. denied, 587 So.2d 1328 (Fla. 1991); C & C Wholesale, Inc. v. Fusko Management Corp., 564 So.2d 1259 (Fla. 2d DCA 1990); Central Investment Assn. v. Leasing Service Corp., 362 So.2d 702 (Fla. 3d DCA 1978). If the trial court chooses to ignore the parties' contractual waiver of a jury trial and conduct one, the judgment stemming therefrom is reversible absent some showing why the waiver should not be enforced. Credit Alliance Corp. v. Westland Machine Co., Inc., 439 So.2d 332 (Fla. 3d DCA 1983).
There is no suggestion in this record that Unlike's representatives were not experienced businessmen and were "overreached" by Vista's or that the enforcement of the waiver clause against Unlike would be "unconscionable." Under these circumstances, the parties are bound by the terms of the lease agreement they both signed. The trial judge cannot in effect rewrite the parties' contract by granting a jury trial over the objections of one party.[4]
At this point, our opinion should stop. The trial judge (on remand) might wish to consider using an Advisory Jury (not binding on the fact-finder trial judge); or the trial judge might choose not to do so. The cause might be tried by a different trial judge, with quite a different point of view. Any ruling on the appropriateness of using an Advisory Jury on our part is purely "advisory" in itself because that issue is not raised by this appeal. It is dictum, pure and simple. I am not willing to decide this question, absent a real case and controversy, and adequate opportunity for briefing *581 by the parties. To that extent I dissent from the majority opinion in this case.
NOTES
[1] The lease provided that no other retail store which sold prescription and nonprescription drugs and health and beauty aid products would compete in the same shopping center.
[2] Lessor filed suit against lessee for eviction and back rent. The two suits were consolidated for trial.
[3] Paragraph 17.18 of the parties' lease provides: "Tenant and Landlord both waive a trial by jury of any or all issues arising in any action or proceeding between the parties hereto or their successors, under or connected with this Lease, or any of its provisions."
[4] See Shores v. Murphy, 88 So.2d 294 (Fla. 1956).
[5] Federal Rule 39(b) regarding the power of a trial court to conduct a jury trial, although procedurally waived by the parties, is somewhat similar to Florida Rule of Civil Procedure 1.430(d) but with one major difference. Under Federal Rule 39(b) the trial court can order a common law jury trial in which no timely demand has been made only upon motion of one of the parties, while under rule 1.430(d) the trial court may order a jury trial upon its own motion. As in Florida, the federal courts enforce contractual waivers of trial by jury. See, e.g., Telum, Inc. v. E.F. Hutton Credit Corp., 859 F.2d 835 (10th Cir.1988) cert. denied, 490 U.S. 1021, 109 S.Ct. 1745, 104 L.Ed.2d 182 (1989) (judgment entered after jury trial reversed and case remanded for new trial without a jury on issues arising from a lease agreement containing a waiver of jury trial); Leasing Service Corp. v. Crane, 804 F.2d 828 (4th Cir.1986) (denial of jury trial affirmed where lease agreement contained waiver of right to trial by jury and parties to lease were experienced businessmen).
[6] We would note that the trial court, in one of its orders, commented that "the court can always empanel an advisory jury... ." Further, the matter of an advisory jury is intertwined with the issue of the trial court's authority to set a case for a common law jury trial when the parties have contractually waived a jury trial. Therefore, the matter of an advisory jury is an issue involved in this case.
[1] The lease provided that no other retail store which sold prescription and nonprescription drugs and health and beauty aid products would compete in the same shopping center.
[2] Paragraph 17.18 of the parties' lease provides: "Tenant and Landlord both waive a trial by jury of any or all issues arising in any action or proceeding between the parties hereto or their successors, under or connected with this Lease, or any of its provisions."
[3] See Shores v. Murphy, 88 So.2d 294 (Fla. 1956).
[4] Federal Rule 39(b) regarding the power of a trial judge to conduct a jury trial, although procedurally waived by the parties, is similar to Florida's. As in Florida, the federal courts enforce contractual waivers of trial by jury. See, e.g., Telum, Inc. v. E.F. Hutton Credit Corp., 859 F.2d 835 (10th Cir.1988), cert. denied, 490 U.S. 1021, 109 S.Ct. 1745, 104 L.Ed.2d 182 (1989) (judgment entered after jury trial reversed and case remanded for new trial without a jury on issues arising from a lease agreement containing a waiver of jury trial); Leasing Service Corp. v. Crane, 804 F.2d 828 (4th Cir.1986) (denial of jury trial affirmed where lease agreement contained waiver of right to trial by jury and parties to lease were experienced businessmen).