677 So.2d 952 (1996)
GELCO CORP., Petitioner,
v.
CAMPANILE MOTOR SERVICE, INC., Respondent.
No. 96-1254.
District Court of Appeal of Florida, Third District.
July 31, 1996.
Arthur Joel Berger, Miami, for petitioner.
Lenore Suzyn, Miami, for respondent.
Before NESBITT, COPE and GREEN, JJ.
NESBITT, Judge.
Campanile Motor Coach Services, Inc., (Campanile), is suing Gelco Corporation, d/b/a GE Capital Fleet Services, Inc., (Gelco), for damages arising under the parties' commercial lease agreement. That lease provides, in pertinent part: "Both parties to this agreement hereby waive any and all right to any trial by jury in any action or proceeding arising directly or indirectly hereunder." It is clear that Campanile's suit arises under the parties' lease. However, contrary to the above express jury waiver provision contained therein, the trial judge discounted Gelco's argument below and concluded Campanile was entitled to a jury trial. Relying on this waiver, we grant Gelco's petition for writ of certiorari, and quash the order affording Campanile a jury trial as a matter of right.
It is clear that a mixture of equitable and legal claims in the same case cannot deprive a party of the right to a jury trial of issues traditionally triable to a jury. Spring v. Ronel Refining, Inc., 421 So.2d 46 (Fla. 3d DCA 1982). However contractual waivers of the right to a jury trial are enforceable and will be upheld. Vista Centre Venture v. Unlike Anything, Inc. 603 So.2d 576 (Fla. 5th DCA 1992); Palomares v. Ocean Bank of Miami, 574 So.2d 1159 (Fla. 3d DCA) rev. denied, 587 So.2d 1328 (Fla.1991); C & C Wholesale, Inc. v. Fusco Management Corp., 564 So.2d 1259 (Fla. 2d DCA 1990); Central Inv. Assocs. Inc. v. Leasing Serv. Corp., 362 So.2d 702 (Fla. 3d DCA 1978). A trial court commits error when it chooses to ignore the parties' contractual waiver of a jury trial and orders a common law jury trial unless there *953 is a showing why the waiver should not be enforced; here, no such circumstances have been alleged. Vista Centre, 603 So.2d at 578; Credit Alliance Corp. v. Westland Mach. Co., 439 So.2d 332 (Fla. 3d DCA 1983). On the other hand, we observe that while the parties have effectively waived their right to a common law jury trial, the trial court may in its discretion utilize an advisory jury. See Hargrove v. American Cent. Ins. Co., 125 F.2d 225 (10th Cir.1942); Lumbermens Mut. Casualty Co. v. Timms & Howard, 108 F.2d 497 (2d Cir.1939); Coates v. National Cash Register Co., 433 F.Supp. 655 (W.D.Va.1977). This is because even with an advisory jury the trial court is the trier of both law and fact and it is the trial court's ultimate findings and judgment alone which are subject to review. Gulf Life Ins. Co. v. Urquiaga, 251 So.2d 904 (Fla. 2d DCA 1971); see also Cox v. Babcock & Wilcox Co., 471 F.2d 13 (4th Cir.1972); Wilson v. Prasse, 463 F.2d 109 (3d Cir.1972).
A trial court does not impose a jury trial upon the parties when it utilizes a jury in an advisory capacity because the jury acts merely as an aid to the court which must make its own findings of fact and conclusions of law and must bear the ultimate responsibility for the judgment. Vista Centre, 603 So.2d at 579. An advisory jury does not interfere with the parties' contractual agreement because the trial court is not bound by the findings of fact made by the advisory jury, see Gulf Life Insurance Co.; Hyde Properties v. McCoy, 507 F.2d 301 (6th Cir.1974), thus, "the parties are receiving what they contracted fora trial by the court." Vista Centre, 603 So.2d at 579.
We grant certiorari, quash the order determining the parties are entitled to a jury trial as a matter of right, and remand for further proceedings.