KLEIN, J.
The issue in this appeal involves the admissibility of testimony by a property appraiser as to the assessed value of a home for tax purposes, in order to demonstrate that damage to the home reduced its value. We hold that the testimony was relevant and should have been admitted.
Hochstadt held by assignment a third mortgage on a home in a development called The Sanctuary. In the late 1980’s the mortgages on the home went into default, and the owners stopped paying their assessments to The Sanctuary homeowner’s association. The Sanctuary brought an action to foreclose a lien for unpaid assessments and, in 1989, took title to the property through a judicial sale. The Sanctuary’s lien, however, was inferior to the Hochstadt mortgage.
Eventually the Hochstadt mortgage was foreclosed and Hochstadt became the owner through a foreclosure sale in 1994. Ho-chstadt filed this suit against The Sanctuary for waste, alleging that during the time that The Sanctuary held title, it failed to maintain the property, resulting in a substantial loss of value which damaged Hochstadt.
The case was tried before a jury which found that no damage occurred during the time The Sanctuary held title, and plaintiff appeals, arguing that the trial court erred in not admitting testimony that the property appraiser, in 1993, reduced the assessed value from $903,000 to $540,000.
Historically, both in Florida and other jurisdictions, the assessed value of property for tax purposes has not been admissible as evidence of fair market value. Southern Realty & Utilities Corp. v. Gettleman, 197 So.2d 30 (Fla. 3d DCA 1967) and cases cited. This is not surprising in light of the fact that property was not assessed at market value. See McNayr v. State ex rel. Dupont Plaza Ctr., Inc., 166 So.2d 142 (Fla.1964) (Dade County property appraiser was ordered to increase assessment of property from 50% to 100% of just valuation).
Hochstadt argues that the cases holding that the assessed value for tax purposes is inadmissible are no longer good law in light of Valencia Center, Inc. v. Bystrom, 543 So.2d 214, 217 (Fla.1989). In Valencia, a tax assessment case, the Florida Supreme Court held that the just valuation of property for tax purposes was synonymous with “fair market value.” We agree with appellant that, in light of Valencia, the primary reason for the general rule barring this type of evidence no longer exists.[1] We conclude, accordingly, that the cases relied on by The Sanctuary, which predate Valencia, are not controlling.
On a related issue, Hochstadt argues that, apart from not allowing the testimony of an appraiser in the property appraiser’s office, the court also erred in *1165 refusing to admit in evidence the official records of the property appraiser’s office which showed the reduction in assessed value. He argues that these were admissible under the “public records and reports” exception to the hearsay rule. Section 90.803(8), Florida Statutes (1999) authorizes the admission of public records “unless the sources of information or other circumstances show their lack of trustworthiness.”
We conclude that, under the facts of this case, the appraiser from the property appraiser’s office should have been allowed to testify as to the amount of and timing of reduction in assessed' value as that evidence was relevant to the issues of when, and how much, damage occurred during The Sanctuary’s ownership.
We are not, however, willing to go so far as to allow the records themselves into evidence. The reason for our reluctance as to the public records is that, although under Valencia real property is theoretically assessed for tax purposes at fair market value, it may not in fact be assessed at fair market value. We know, for example, from our own experience, that lenders do not rely on tax assessments, but rather require independent appraisals when funding mortgages. We also know that property owners retain independent appraisers in eminent domain proceedings rather than accept the assessed value' as the fair market value of their property. In addition, the record in this case reflects that the appraiser did not go inside this home in order to appraise it, but merely looked in the first floor windows.
If the records were admitted by themselves they would, of course, not be subject to cross-examination. Considering the concerns we expressed above, the relevancy of the records alone is outweighed by the possibility of unfair prejudice. § 90.403, Florida Statutes (1999). On the other hand, the opinion of the appraiser as a witness would be subject to cross-examination as to qualifications, as well as in other areas, and that safeguard alleviates the concerns we have about admitting only the records.
Plaintiff also argues that the trial court erred in refusing to allow several lay witnesses to testify; however, we find no abuse of discretion in the trial court’s ruling that they were not timely disclosed under pretrial procedures.
We reverse and remand for a new trial.
TAYLOR and HAZOURI, JJ., concur.

. There is at least one exception to the general rule of inadmissibility. If the governmental agency taking property is the same agency which assesses the property for tax purposes, the tax assessment is admissible against the government as an admission against interest. Trad v. City of Jacksonville, 279 So.2d 384 (Fla. 1st DCA 1973).