WARNER, J.
In Hochstadt v. Gerl, 678 So.2d 1310 (Fla. 4th DCA 1996), we held that Ho-chstadt, as an assignee of certain rights of a first mortgagee in a mortgage foreclosure, was entitled to be named in the final judgment of foreclosure as the party entitled to any award of taxes paid by the mortgagee and included in the judgment of foreclosure. On remand, after several years passed Hochstadt moved to enforce the judgment. The trial, court denied relief because in the interim years Hochstadt had entered into an agreement waiving his rights. We affirm.
The facts of this case are more fully set. forth in our 1996 case. In brief, the Gerls owned a house securing both a first mortgage held by AmeriFirst and a second, larger mortgage held by AmeriTrust. A corporation owned by Hochstadt, which was subsequently dissolved, purchased the second mortgage. AmeriFirst filed a mortgage foreclosure action when the Gerls defaulted on the first mortgage. The Sanctuary Homeowners Association was named as a defendant because of assessment liens. During the foreclosure proceedings, Sanctuary filed an independent foreclosure proceeding on its liens and took title to the property. It leased the property and then, according to Ho-chstadt, allowed it to fall into disrepair.
In the AmeriFirst mortgage foreclosure proceeding, Hochstadt counterclaimed, alleging that AmeriFirst’s delay in proceeding with foreclosure had caused damage to the property, reducing the surplus available to satisfy his junior mortgage. Eventually, Hochstadt settled with the Resolution Trust Corporation (“RTC”), which was substituted for AmeriFirst. In the settlement, Hochstadt was assigned all of RTC/AmeriFirst’s claims against Sanctuary for taxes accruing during the foreclosure when Sanctuary was the record title holder to the property. In exchange, Ho-chstadt dismissed his counterclaim. The trial court entered a final judgment of foreclosure, including within it the sums for property taxes paid by AmeriFirst for the years 1990, 1991, and 1992. These taxes, which had not been paid by either the Gerls or Sanctuary, were paid by Am-eriFirst to protect its lien. However, the judgment awarded the tax amounts to “plaintiff or it[s] assigns.” In Hochstadt, we held that because the assignee, Ho-chstadt, was before the court, it erred in not awarding the taxes to him. 678 So.2d at 1312. We remanded to modify the final judgment to award the tax amounts to Hochstadt. Id.
On remand, Hochstadt filed a multiple count complaint against Sanctuary that included. counts for waste of the property and recovery of taxes, which he alleged Sanctuary had an obligation to pay. The court ultimately dismissed or granted summary judgment on all of the claims. On appeal, this court affirmed as to most of the issues but reversed on the claim of waste. Hochstadt v. Sanctuary Homeowner’s Ass’n, Inc., 695 So.2d 1324, 1324 (Fla. 4th DCA 1997) (“Sanctuary I”). We remanded for a new trial but specifically stated that the claim for waste against Sanctuary would not include a claim for taxes that Sanctuary failed to pay after it had taken title to the property. Id.
’ On remand, Hochstadt’s claim of waste went to trial. The jury found in favor of Sanctuary, finding it did not commit waste. The trial court entered final judgment in favor of Sanctuary. Hochstadt again appealed." This court reversed and remand *1096 ed for a new trial, finding it was error for the trial court to exclude the testimony of a property appraiser as to the assessed value of the property for tax purposes. Hochstadt v. Sanctuary Homeowner’s Ass’n, Inc., 761 So.2d 1163, 1165 (Fla. 4th DCA 2m)(“Sanctuary II”).
When the case returned to the trial court, Hochstadt twice attempted to amend his cross-claim in order to try to collect tax payments from Sanctuary. The trial court denied the motion as barred by our ruling in Sanctuary I. Hochstadt also moved to enforce our mandate in Hochstadt v. Gerl, demanding that the court enter a final judgment awarding taxes to him. However, in the interim, Hochstadt had entered into an agreement with GE Capital Mortgage. The agreement specified that although Hochstadt released all rights, title, and interest in the property, he retained “all rights against the Sanctuary for their failure to pay ad valorem taxes during the period of time the Property was owned by Sanctuary, and for all claims for waste.” It also specifically stated, “The parties have stipulated that Ho-chstadt waives all rights to be included in the Final Judgment of Foreclosure dated April 28, 1991 and releases any and all lien rights in and to the Property.” (Emphasis added). The trial court denied the motion to enforce the mandate in Hochstadt v. Gerl. This appeal follows.
Hochstadt is not entitled to have the trial court enforce the mandate and modify the final judgment of mortgage foreclosure to include him as the recipient of the award of taxes paid by AmeriFirst, as he waived all rights to this relief in his settlement with GE Capital Mortgage and assigned to GE all his rights to the property. Thus, any claim to recover based upon the foreclosure of the first mortgage originally held by AmeriFirst has been waived, and the trial court correctly refused to enforce the mandate. See Abraham v. Abraham, 730 So.2d 746, 747 (Fla. 3d DCA 1999) (refusing to enforce provisions of mandate when parties reached settlement agreement on those provisions after the court’s issuance of the mandate). Furthermore, while Hochstadt seeks to obtain a judgment against Sanctuary for the amounts of unpaid taxes, in the final judgment of mortgage foreclosure the court determined only that the amount of taxes paid by AmeriFirst could be recovered from the proceeds of the foreclosure sale. It did not determine that Sanctuary owed these amounts to the mortgage holder.[1]
As to Hochstadt’s issue with respect to the trial court’s denial of his motion to amend his cross-claim against Sanctuary, we do not have jurisdiction. The issues with respect to the cross-claim have been treated as a separate suit and are independently appealable. See Sanctuary I and Sanctuary II. The claim for waste that was reversed in Sanctuary II remains pending in the trial court. Therefore, the denial of Hochstadt’s motions to amend his complaint in that action constitute non-final, non-appealable orders. See Fla. R.App. P. 9.130(a)(3); Palomares v. Ocean Bank of Miami, 574 So.2d 1159, 1161 (Fla. 3d DCA 1991) (stating appeal could not be brought from order denying leave to amend because order would be nonfinal and nonappealable).
KLEIN and HAZOURI, JJ., concur.

. Sanctuary would have no obligation to the mortgage holder or its assigns to pay the taxes, as it only foreclosed and took title through a foreclosure sale. Without assumption of the terms of the mortgage, Sanctuary had no contractual obligation to AmeriFirst to pay the taxes. See McVeigh v. Mirabito, 556 So.2d 1226, 1227-28 (Fla. 4th DCA 1990).