# Third District Court of Appeal

## State of Florida

Opinion filed July 10, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2269
Lower Tribunal No. 22-663
_____

**Kathleen M. Bonczyk,**
Appellant,

vs.

**Richard C. Wolfe,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Charles Kenneth Johnson, Judge.

Kathleen M. Bonczyk, in proper person.

Wolfe Law Miami, P.A., and Richard C. Wolfe and Mason R. Wolfe, for appellee.

Before EMAS, MILLER and GORDO, JJ.

EMAS, J.

Kathleen M. Bonczyk, the defendant in the action below, is a Florida attorney, proceeding pro se both on appeal and in the lower tribunal. Bonczyk appeals from a nonfinal order denying her motion, styled "Motion for Leave to File an Amended Answer and Counterclaim and Request for Punitive Damages." We dismiss this appeal as one taken from a nonfinal, nonappealable order, and write to explain why.

Our appellate jurisdiction to review non-final orders is limited to those orders specifically enumerated in Florida Rule of Appellate Procedure 9.130(a)(3). See Keck v. Eminisor, 104 So. 3d 359, 363–64 (Fla. 2012). "[W]hen deciding whether we have appellate jurisdiction to review a non-final order under Florida Rule of Appellate Procedure 9.130(a)(3), we narrowly construe the rule and its enumerated categories of orders subject to interlocutory appellate review." Truist Bank v. De Posada, 307 So. 3d 824, 826 (Fla. 3d DCA 2020) (citing Miami-Dade Cnty. v. Pozos, 242 So. 3d 1152, 1153 (Fla. 3d DCA 2017)).

We thus address separately the two aspects of Bonczyk's motion: 1) to amend her answer to plead a counterclaim; and 2) to include (within that proffered counterclaim) a claim for punitive damages.

We first note that, as a general rule, an order denying a motion for leave to amend an answer to plead a counterclaim is nonfinal and nonappealable. See Palomares v. Ocean Bank of Miami, 574 So. 2d 1159

2

(Fla. 3d DCA 1991); Creel Pump, Inc. v. Harbor Cmty. Bank. 206 So. 3d 700 (Fla. 2d DCA 2015); Beck v. Wright, 353 So. 3d 664 (Fla. 2d DCA 2022); Hochstadt v. Sanctuary Homeowners Ass'n, Inc., 882 So. 2d 1094 (Fla. 4th DCA 2004). Further, such an order does not fall within any of the enumerated categories of appealable nonfinal orders under rule 9.130(a)(3).

One exception to this general rule is that orders that "grant or deny a motion for leave to amend to assert a claim for punitive damages," while nonfinal, is among the categories of orders subject to interlocutory review. See Fla. R. App. P. 9.130(a)(3)(G).

Bonczyk contends this court has jurisdiction to review this nonfinal order because her motion sought leave to amend to assert a claim for punitive damages. Bonczyk's contention is without merit, however, and too clever by half.

Bonczyk's request to "add" punitive damages was necessarily conditioned on, and tethered to, the threshold request for leave to amend her answer to plead a counterclaim. It is important to note that there was no existing counterclaim when Bonczyk filed her motion for leave to amend. Although she had previously pleaded a counterclaim, it was stricken as a sham pleading, leaving only her answer and affirmative defenses. Bonczyk was therefore not seeking leave to amend an existing, pending counterclaim to assert a claim for punitive damages; she was seeking leave of court to

3

plead a counterclaim and—if the court granted leave to add a counterclaim—to assert a claim for punitive damages within that proposed counterclaim. The trial court denied Bonczyk's motion for leave to file a counterclaim "because the allegations of the proposed Amended Counterclaim do not arise from and is not otherwise related to, nor having any relevance to the pending defamation claims." The trial court did not reach, address or rule on the ancillary request for leave to plead a claim for punitive damages within the proposed counterclaim, because that request was mooted (or rendered premature) by the court's denial of Bonczyk's request to plead a counterclaim altogether. Though it goes without saying, we will say it nonetheless—Bonczyk could not seek to amend her counterclaim to assert a claim for punitive damages unless and until she was granted leave to file a counterclaim.

Because the denial of the request for leave to plead a counterclaim is not subject to interlocutory review, the unreached and unruled-upon request to include within that proposed-but-rejected counterclaim a claim for punitive damages is not subject to interlocutory review, and we reject Bonczyk's attempt to create jurisdiction under rule 9.130 or to otherwise invoke this court's jurisdiction for interlocutory review.

Appeal dismissed.