827 So.2d 1040 (2002)
TIMES PUBLISHING COMPANY, Petitioner,
v.
STATE of Florida and Paula Andrea Gutierrez, Respondents.
No. 2D02-1462.
District Court of Appeal of Florida, Second District.
October 9, 2002.
George K. Rahdert and Penelope T. Bryan of Rahdert, Steele, Bryan & Bole, P.A., St. Petersburg, for Petitioner.
Gregg D. Thomas and James B. Lake of Holland & Knight LLP, Tampa, for Amicus Curiae Media General Operations, Inc., d/b/a The Tampa Tribune.
Robert A. Butterworth, Attorney General, Tallahassee, and Cerese Crawford Taylor, *1041 Assistant Attorney General, Tampa, for Respondent State of Florida.
Julianne Holt, Public Defender, and Deeann D. Athan, Assistant Public Defender, Tampa, for Respondent Paula Andrea Gutierrez.
PARKER, Judge.
Petitioner Times Publishing Company (the Times) seeks certiorari review of the trial court's order sealing records in the criminal prosecution of respondent Paula Gutierrez. We grant the petition to the extent that we quash the order sealing records as to pages 221 through 231 and the first paragraph of pages 126, 171, and 214 because those portions of the record do not contain the substance of a confession. We deny the petition as to the remainder of the sealed records.
In July 2001 the grand jury of Hillsborough County, Florida, issued a three-count indictment charging respondent Paula Gutierrez (Gutierrez) with felony murder, armed robbery, and armed burglary, charges which resulted from the shooting death of a Tampa Police Officer after a bank robbery Gutierrez allegedly committed with her boyfriend. The boyfriend committed suicide during a standoff with police.
Gutierrez filed an anticipatory verified motion for temporary protective order to seal all materials subject to her pending discovery request. Upon receiving notice of that motion, petitioner Times Publishing Company (the Times) and other members of the local news media intervened, for the limited purposes of seeking access to public records and opposing closure of materials in the court file. The trial court then entered an order sealing all of the documents and other materials the State intended to disclose to Gutierrez during discovery for a period of ten days after their release. In the event Gutierrez failed, during the ten-day closure period, to file a timely objection to the disclosure of specific records, the court's order stated that it would deem all objections to disclosure to be waived and the discovery materials would "become fully open to public disclosure."
Gutierrez subsequently objected to the release of specific discovery materials on the sole ground that those records were exempt under section 119.07(3)(k), Florida Statutes (2001). In response, the Times moved to set aside the trial court's initial closure order, requested an in-camera review of the discovery materials Gutierrez specified, and asked the court to immediately release all portions of those records that did not actually contain exempt information.
On April 3, 2002, the trial court entered an order which sealed all of the records Gutierrez claimed to be exempt under section 119.07(3)(k). The Times then timely filed a petition for writ of certiorari, seeking this court's review of the records sealed by the trial court's April 3, 2002, order and contending that the order should be quashed on the grounds that it is overly broad and otherwise departs from the essential requirements of law.
Upon certiorari review of an interlocutory order of the circuit court, "[a] petitioner must establish (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal." Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA 1995). Here, the circuit court's order excluded the press and public from access to otherwise public records until "the criminal case is finally determined by adjudication, dismissal, or other final disposition." § 119.07(3)(k), Fla. Stat. (2001). Thus, the Times' injury is that it does not have access to otherwise public documents during *1042 trial, and this cannot be remedied on postjudgment appeal. Therefore, the issue is whether the trial court's order sealing records departs from the essential requirements of law. A departure from the essential requirements of law occurs "only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." Combs v. State, 436 So.2d 93, 96 (Fla.1983).
When the State discloses documents to a criminal defendant in discovery, the documents are subject to public inspection and copying. See Tribune Co. v. Public Records, 493 So.2d 480, 485 (Fla. 2d DCA 1986); see also § 119.011(3)(c)(5). Gutierrez objected to the release of specific discovery materials on the ground that those records were exempt under section 119.07(3)(k). Section 119.07(3)(k) provides:
Any information revealing the substance of a confession of a person arrested is exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution, until such time as the criminal case is finally determined by adjudication, dismissal, or other final disposition.
After conducting an in-camera review, the trial court entered an order sealing all the records Gutierrez sought to have sealed. These records include transcripts and tapes of police interviews with Gutierrez and summaries of these interviews prepared by law enforcement officers.
Statutory exemptions to the public's right of access to records must be "narrowly construed." Tribune Co., 493 So.2d at 484. The Times and Gutierrez differ on what constitutes the "substance of a confession" referred to in section 119.07(3)(k). We have found no appellate case law interpreting the term "substance of a confession" in reference to section 119.07(3)(k). The Times and the State cite to an Attorney General opinion for a narrow definition of "substance of a confession." See Op. Att'y Gen. Fla. 84-33 (1984). The Attorney General opinion defines "substance of a confession" as "the material parts of a statement made by a person charged with commission of a crime in which he or she acknowledges guilt of the essential elements of the act or acts constituting the entire criminal offense." Id.
After this court's in-camera review of the sealed documents, it appears clear that some portions sealed do not directly relate to Gutierrez's participation in the crimes. The first eleven pages of her interview with the police (pages 221-31) contain introductory information, including discussion about whether she wanted an attorney, where she lived, who her boyfriend was, whether she was under the influence of any drugs, and how her boyfriend lost his job. To seal this portion of the interview transcript and tape constituted a departure from the essential requirements of law because these topics could not in any way be characterized as the substance of her confession. However, we cannot say that the order sealing the remaining detailed information furnished by Gutierrez was a violation of a clear principle of law.
We quash the trial court's order to the extent that it seals those introductory portions of the Gutierrez interview at pages 221-31. In addition, the first paragraph of page 126 (and duplicates at the first paragraph of pages 171 and 214) is a summary of the introductory portion of the police interview; therefore, we also quash the trial court's order to the extent that it seals the first paragraph of pages 126, 171, and 214.
Petition granted in part and remanded with directions to the trial court to unseal *1043 those portions of the record specified in this opinion.
GREEN and CASANUEVA, JJ., concur.