POLSTON, J.
Petitioners Morris Communications Company, LLC, d/b/a The Florida Times-Union, Multimedia Holdings Corporation d/b/a First Coast News, WTLV Channel 12, and Post-Newsweek Stations Florida, Inc. d/b/a WJXT-TV4 argue that the trial court erred by granting defendant Stephen Lee Edmonds’ motion for protective and closure order.[1] We agree with petitioners that the record does not warrant the granting of defendant’s motion. Therefore, we quash the trial court’s order.
After an in camera review, the trial court ordered that the following discovery materials be sealed and not disclosed to petitioners:
1. Two (2) search warrants dated April 15, 2002, one for Defendant’s home, one for Defendant’s business.
2. Numerous print outs of instant messages sent to and from the Defendant and victim between April 5 and April 12, 2002.
3. One (1) recorded telephone conversation and transcript dated April 9, 2002.
4. April 17, 2002 videotaped interview of alleged victim.
*673 5. April 23, 2002 videotaped interview of alleged victim.
6. General offense report number 279646.
The trial court ruled that these items are so “graphic, shocking, damning and distressing” so as to cause grave concern that defendant will have any chance of receiving a fair trial. Although the trial court found that “there has not been substantial hostile pretrial publicity,” the disclosure of these documents would “aggravate the adverse publicity already in the media” and be “potentially damning.”
As noted by the trial court, pretrial proceedings may be closed only if the party seeking closure demonstrates that (i) closure is necessary to prevent a serious and imminent threat to the administration of justice, (ii) there are no less restrictive alternative measures than closure available,[2] and (iii) there is a substantial probability that closure will be effective in protecting against the perceived harm. See Miami Herald Publ’g Co. v. Lewis, 426 So.2d 1, 7-8 (Fla.1982); Florida Freedom Newspapers, Inc. v. McCrary, 520 So.2d 32, 35 (Fla.1988)(holding that the factors set out in Lewis should be considered in determining whether public access to pretrial discovery material should be restricted).
The Florida Supreme Court stated in Lewis that “[ajbsent a showing of widespread adverse publicity, the trial court should not grant a motion to close the hearing.” Lewis, 426 So.2d at 7 (discussing whether the closure is necessary to prevent a serious and imminent threat to the administration of justice). In this case, the trial court ruled that there has not been substantial hostile pretrial publicity.” Accordingly, petitioners argue that on this finding alone under Lewis, the trial court should not have granted the defendant’s motion. We disagree because this reference in Lewis to widespread adverse publicity, in context, applies not only to prior widespread publicity, but also to future publicity aggravated by the disclosure. Id.
However, after this court’s in camera review of the sealed documents, we hold that the record does not support a finding that release of the requested materials would pose a serious and imminent threat to the administration of justice under Lewis. See Florida Publ’g Co. v. Shorstein, 20 Media L. Rep. 2102 (Fla. 1st DCA 1992); Times Publ’g Co. v. State, 827 So.2d 1040, 1042 (Fla. 2d DCA 2002)(reversing trial court’s order sealing criminal discovery documents after an in camera review of the sealed documents).
Therefore, we grant the petition, quash the trial court’s order, and direct the trial court to provide petitioners access to the discovery documents to the extent that they are not exempted from public records disclosure.[3] See e.g., § 119.07(3)(f), Fla. Stat. (2002)(exempting documents which may reveal the identity of specified crime victims).
DAVIS and VAN NORTWICK, JJ., concur.

. Although petitioners appear to request a reversal of the trial court’s ruling preventing all public comment by counsel, we do not find such a ruling in the trial court’s order. The trial court specifically denied defendant’s request to "gag” the prosecutors, law enforcement officers or investigators.

. "A change of venue should not be considered as an alternative to closure.” Lewis, 426 So.2d at 6.

. Although documents turned over to the defendant during discovery are generally public records subject to disclosure under Chapter 119, the courts have authority to manage pretrial publicity to protect the defendant s constitutional rights as described in Lewis, and as specifically provided by § 119.01 l(3)(c)5., Fla. Stat. (2002). See WESH Television, Inc. v. Freeman, 691 So.2d 532, 534 (Fla. 5th DCA 1997).