658 So.2d 646 (1995)
PARKWAY BANK, a Florida banking corporation, Petitioner,
v.
FORT MYERS ARMATURE WORKS, INC., a Florida corporation, First Union National Bank of Florida, and Donald C. Cater, individually, and Marilyn J. Cater, individually, Respondents.
No. 95-00887.
District Court of Appeal of Florida, Second District.
July 28, 1995.
*648 J. Jeffrey Rice of Goldberg, Goldstein & Buckley, P.A., Fort Myers, for petitioner.
Andrew S. Epstein of Duncan & Tardif, P.A., Fort Myers, for respondents Fort Myers Armature Works, Inc., Donald C. Cater, and Marilyn J. Cater.
ALTENBERND, Judge.
Parkway Bank seeks a writ of certiorari ordering the trial court to strike the demand for jury trial filed by Fort Myers Armature Works (Armature), Donald C. Cater, and Marilyn J. Cater. We conclude Parkway has not presented an issue that invokes this court's certiorari jurisdiction.
Parkway filed suit against Armature and the Caters alleging that Armature owed $145,000 on a promissory note, guaranteed by the Caters, and secured by an accounts receivable security agreement. First Union National Bank is a party to the suit because it allegedly stopped payment on a cashier's check issued in connection with Parkway's efforts to enforce the security agreement. Armature answered Parkway's complaint and counterclaimed, alleging fraud and conversion. Armature and the Caters filed a demand for jury trial.
Parkway moved to strike the demand for jury trial because the promissory note, the security agreement, and the guaranty contained express waivers of jury trial for litigation arising out of the note and related documents.[1] The trial court denied the motion, and Parkway filed this petition.
Parkway relies on four cases that discuss the enforceability of a party's presuit waiver of the constitutional right to trial by jury: C & C Wholesale, Inc. v. Fusco Management Corp., 564 So.2d 1259 (Fla. 2d DCA 1990); Vista Centre Venture v. Unlike Anything, Inc., 603 So.2d 576 (Fla. 5th DCA 1992); Palomares v. Ocean Bank of Miami, 574 So.2d 1159 (Fla. 3d DCA 1991); Credit Alliance Corp. v. Westland Machine Co., 439 So.2d 332 (Fla. 3d DCA 1983). These cases, however, are direct appeals from final orders. Parkway has cited no case in which a district court issued a writ of certiorari to quash an order refusing to strike a demand for jury trial.
This is a good case in which to discuss the confusing distinction between a dismissal of a certiorari petition for lack of jurisdiction and a denial of a petition after a review of the nonfinal order on its merits. The case law usually explains that a certiorari petition must pass a three-prong test before an appellate court can grant relief from an erroneous interlocutory order. A petitioner must establish (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal. See Gulf Cities Gas Corp. v. Cihak, 201 So.2d 250 (Fla. 2d DCA 1967).[2] While this traditional test is correct, the grammar of the test places the description of the appellate court's standard of review on the merits before the two threshold tests used to determine jurisdiction.
*649 Prior to 1939, a petition for writ of certiorari involved a two-stage proceeding. The court first determined whether it had jurisdiction to review the order. It then received additional briefing and decided whether the order departed from the essential requirements of the law. William A. Haddad, Common Law Writ of Certiorari in Florida, 29 U.Fla.L.Rev. 207, 208 (1977). Although the separate briefing stages have been eliminated, it is still necessary for an appellate court to conduct a jurisdictional analysis prior to testing whether the nonfinal order passes the standard of review on its merits, i.e., whether the order is a "departure from the essential requirements of law." Thus, just as an appellant must establish that a nonfinal order falls within one of the authorized categories in Florida Rule of Appellate Procedure 9.130 before this court has the power to review the merits of the nonfinal order by appeal, a petitioner must establish that an interlocutory order creates material harm irreparable by postjudgment appeal before this court has power to determine whether the order departs from the essential requirements of the law. If the jurisdictional prongs of the standard three-part test are not fulfilled, then the petition should be dismissed rather than denied.[3]
Examining the two jurisdictional prongs in this case, it is clear that neither is satisfied. The case has yet to be set for trial. At this stage, it is uncertain whether the trial court intends to employ a jury for all claims and issues, or only for limited issues. Even when the parties have executed a valid waiver, a trial court has discretion to use an advisory jury. Vista Centre Venture, 603 So.2d 576. Thus, the challenged order may not necessarily cause any material injury during the remainder of the proceeding.
More important, even if the trial court's decision is erroneous, the cases cited by the petitioner demonstrate that the matter can be remedied on postjudgment appeal.[4]
This court has recognized that an order dispensing with a statutorily mandated presuit procedure, which is a condition precedent to a legal proceeding, may be reviewed by a writ of certiorari. See Pearlstein v. Malunney, 500 So.2d 585 (Fla. 2d DCA 1986). Such statutes cannot be meaningfully enforced postjudgment because the purpose of the presuit screening is to avoid the filing of the lawsuit in the first instance. See Cohen v. DeYoung, 655 So.2d 1265 (Fla. 5th DCA 1995). Similarly, the supreme court has recently authorized limited certiorari review of the statutory procedures for amending a complaint to allege punitive damages because those safeguards cannot be remedied postjudgment. The court, however, has not authorized review of the merits of the punitive damages claim because that issue can be remedied postjudgment. Globe Newspaper Co. v. King, 658 So.2d 518 (Fla. 1995).
*650 By contrast, the issues resolved in most nonfinal orders do not address procedures designed to avoid litigation, but rather involve matters that could streamline or simplify a pending lawsuit. Such orders typically are not reviewable by certiorari unless they present irreparable discovery issues. See, e.g., Mandico v. Taos Constr., Inc., 605 So.2d 850 (Fla. 1992) (workers compensation immunity); Whiteside v. Johnson, 351 So.2d 759 (Fla. 2d DCA 1977) (denial of motion to dismiss); Peoples Gas Sys., Inc. v. Ashcraft, 339 So.2d 1163 (Fla. 2d DCA 1976) (denial of motion for summary judgment). Such issues can be remedied posttrial, albeit with greater expense and delay.
Although expense and delay may frequently accompany the type of permanent harm that justifies the issuance of a writ of certiorari, these considerations alone are insufficient to support the issuance of this extraordinary writ of certiorari. Whiteside, 351 So.2d 759; Pearlstein, 500 So.2d 585. Nonfinal appellate proceedings also result in expense and delay. When recurring issues arise that do not fall within the narrow ambit of certiorari, the supreme court has the constitutional rule-making power to establish a right of nonfinal appeal if it determines that such a pretrial appeal would be appropriate and cost-effective. Art. V, § 4(b)(1), Fla. Const.; Mandico, 605 So.2d 850. As a result, the district courts have no jurisprudential reason to expand certiorari beyond its time-honored limitations. We conclude that the order challenged in this proceeding does not invoke our certiorari jurisdiction.
Petition for writ of certiorari dismissed.
DANAHY, A.C.J., and PARKER, J., concur.
NOTES
[1] First Union is not a party to any agreement waiving trial by jury, but it did not demand a jury trial.
[2] When certiorari is used as a "second appeal" of a final order from a lower tribunal, the appellate court's jurisdiction and its scope of review are somewhat different than when examining a nonfinal order. Haines City Community Development v. Heggs, 658 So.2d 523 (Fla. 1995).
[3] Obviously, not all opinions have rigorously adhered to this distinction. Occasionally, an opinion will hold that the nonfinal order is reviewable postjudgment and is not a departure from the essential requirements of the law. See William A. Haddad, Common Law Writ of Certiorari in Florida, 29 U.Fla.L.Rev. 207, 223 (1977) (hereinafter Haddad). Previously, it was common for petitions to be "denied without prejudice" to postjudgment appeal as an indication that the appellate court had not reviewed the trial court's order on the merits. See Gulf Cities Gas Corp. v. Cihak, 201 So.2d 250 (Fla. 2d DCA 1967). That practice, however, incorrectly suggested that a simple denial of a writ of certiorari had res judicata effect in a subsequent appeal. See Haddad, at 226. Because the denial of a petition for certiorari has no such effect, there is little harm in denying a writ that, technically, should be dismissed. On the other hand, such denials cause parties and lower tribunals to believe that an order has been reviewed on the merits when that is not correct. Moreover, the practice of denying petitions which should be dismissed encourages other litigants to file petitions that do not invoke the court's jurisdiction.
[4] Conversely, the denial of a clear constitutional right to trial by jury can be remedied by the issuance of an extraordinary writ. Occasionally certiorari is used for this purpose. Nevertheless, such a right to trial by jury is usually, if not always, a matter over which the trial court has no discretion. Thus, it can be enforced by a writ of mandamus. See Sarasota-Manatee Airport Auth. v. Alderman, 238 So.2d 678 (Fla. 2d DCA 1970); Suntogs of Miami, Inc. v. Burroughs Corp., 433 So.2d 581 (Fla. 3d DCA 1983), reversed on other grounds 472 So.2d 1166 (Fla. 1985).