661 So.2d 940 (1995)
Lawrence Joseph WHITE, Appellant,
v.
Deana Kathleen WHITE, Appellee.
No. 94-1834.
District Court of Appeal of Florida, Fifth District.
October 20, 1995.
William J. Catto of Haag, Gaffney & Wilcox, P.A., Inverness, for Appellant.
Patricia M. Myers of Myers & Moring, P.A., Crystal River, for Appellee.
PER CURIAM.
Appellant, the legal father, seeks review of a non-final order denying his motion to determine paternity. The order is neither final, because it was entered in an ongoing dissolution proceeding, nor is it a non-final, appealable order under Florida Rule of Appellate Procedure 9.130(a)(3). We are treating the notice of appeal as a petition for writ of certiorari. See Fla.R.App.P. 9.040(c).
The parties were married less than five months before Appellee delivered a child. Appellant's name appears on the birth certificate as the father. The parties' relationship deteriorated and Appellant sought a dissolution of the marriage. The parties stipulated to undergoing blood testing to resolve the issue of the child's paternity. The test results showed that there was a zero percent probability that Appellant was the biological father of the child. Armed with the results, Appellant filed a motion to determine paternity. He sought a court order determining that he was not the legal father and asked the court to terminate his parental rights and responsibilities relative to the child.
Without appointing a guardian ad litem to represent and protect the child's best interests as mandated by Department of Health & Rehabilitative Services v. Privette, 617 So.2d 305 (Fla. 1993), the trial court ordered that Appellant would have to continue in the role of legal father "unless evidence can be produced indicating some other individual is in fact the child's father." The order was entered without prejudice to Appellant to raise the issue again "should he develop evidence indicating that someone else is the natural father of the minor child."
The trial court was not in a posture to make this decision in the absence of a guardian ad litem to properly place the issue of the child's best interests before it. See Privette, 617 So.2d at 308 n. 5 (holding that the child, as represented by the guardian ad litem, is an indispensable party in a paternity determination). As the supreme court acknowledged in Privette, the child's best interests may require that the legal father continue in *941 that role even after he has been proven not to be the biological father. It is also possible that the child's best interests may be better served by a determination of illegitimacy. Accordingly, a full evidentiary hearing on the issue of the child's best interests is required. See also Ownby v. Ownby, 639 So.2d 135 (Fla. 5th DCA 1994). Consequently, we grant the petition for writ of certiorari and remand with directions to proceed according to the dictates of Privette and Ownby.
PETITION GRANTED; REMANDED with directions.
COBB, GOSHORN and THOMPSON, JJ., concur.