PARKER, Judge.
Wendy Conrad appeals a nonfinal order entered after a final order on an authorized motion pursuant to Florida Rule of Appellate Procedure 9.130(a)(4). The order under appeal found the wife in willful civil contempt of a court order which required the parties and the minor child to submit to paternity blood-testing. We reverse because the order that the trial court referenced in its contempt order did not require the child to submit to paternity blood-testing.
The parties’ marriage was dissolved in November 1992. The husband acknowledged paternity of the minor child and agreed to child support. In August 1993 the husband filed a motion to vacate the final judgment of dissolution, claiming that the wife fraudulently induced him into acknowledging the paternity of the child. The parties entered into a stipulation that they would undergo HLA blood-testing. On April 27, 1994, the court entered an Order Approving Stipulation Regarding HLA Blood-testing. In February 1995 the court entered an Order on Former Wife’s Motion in Limine and ruled that the results of the blood tests would be sealed until the husband proved his claim that the wife procured the Settlement Agreement wherein he acknowledged that he was the father of the child through fraud, duress, or coercion.
*663 In April 1995 the husband filed a motion for contempt, alleging that the parties had undergone blood-testing but that the wife was refusing to submit the child to any facility where a blood sample could be taken, contrary to the parties’ stipulation. Following a hearing, the trial court found the wife in willful civil contempt for failing to submit the child to paternity blood-testing but allowed the wife to purge the contempt by delivering the child for blood-testing.
We conclude that the error of the trial court can be found in its order where it stated: “ORDERED AND ADJUDGED that: A. Former Wife is in willful civil contempt of the Court’s Order, dated April 27, 1994, which provided that the parties and the minor child submit to paternity blood testing.” There is nothing in that order requiring the child to submit to blood-testing. The stipulation of the parties which the order ratified addressed only the testing of the two parties. Thus, the trial court erred when it found the wife in contempt of court for disobeying the order of April 27, 1994. We, therefore, reverse the order of contempt.
We write further to caution the trial court about the special considerations it must weigh before it orders blood tests in a case such as this. There is a strong presumption of a child’s legitimacy based on the public policy of protecting the welfare of the child. Department of Health & Rehabilitative Services v. Privette, 617 So.2d 305 (Fla. 1993). The child’s interests must be represented by a guardian ad litem when a party raises the issue of the child’s legitimacy. Privette, 617 So.2d at 308. The court must conduct a hearing to determine if “the child’s best interests will be better served even if the blood test later proves the child’s factual illegitimacy.” Privette, 617 So.2d at 308. The trial court upon remand must consider these principles before it orders further testing.
Reversed and remanded.
DANAHY, A.C.J., and LAZZARA, J., concur.