667 So.2d 477 (1996)
Melinda Sharon ALCHIN and John V. Bentley, Jr., Appellants,
v.
John Allen ALCHIN, Appellee.
Nos. 94-04239, 94-04245.
District Court of Appeal of Florida, Second District.
February 2, 1996.
*478 Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for Appellant Melinda Sharon Alchin.
Jane L. Estreicher of Hastings and Estreicher, P.A., and Ernest P. Jenkins, St. Petersburg, for Appellant John V. Bentley, Jr.
Jane H. Grossman of Law Offices of Jane H. Grossman and William L. Penrose, St. Petersburg, for Appellee.
PATTERSON, Judge.
In these consolidated appeals, the appellants, Melinda Alchin (the wife) and John Bentley, Jr. (the boyfriend), seek review of the trial court's order which precludes them from challenging the paternity of the child born during Melinda Alchin's marriage to appellee John Alchin (the husband). The order granted the husband's motion to estop the wife from denying that the husband is the child's father; dismissed the boyfriend's complaint to determine paternity; and denied both appellants' motions for genetic testing. The order also set aside as moot the June 7, 1994, order declaring that a guardian ad litem would be appointed. We reverse and remand for further proceedings in which the child is represented by a guardian ad litem.
The husband and the wife were married on February 28, 1987. In June 1990, the wife started a romantic relationship with the boyfriend. Shortly thereafter, the wife became pregnant. The child was born on November 15, 1991.
In mid 1993, when the child was eighteen months old, the wife, the boyfriend, and the child underwent DNA testing and discovered that there was a 99.99% probability that the boyfriend was the child's biological father. In August 1993, the wife filed a petition for dissolution of marriage. The wife's petition placed her son's paternity at issue by claiming that her husband was not the child's biological father. The husband responded by filing an answer and counterpetition which denied the allegations concerning the paternity of the child and, among other things, *479 sought primary residential custody of the child.
The wife filed a motion for paternity testing. She also filed an answer and affirmative defenses to the husband's counterpetition, asserting that there could be no issues litigated regarding shared parental responsibility, primary residence, visitation, support or any other issues regarding the child inasmuch as the husband was not the biological father.
Thereafter, the boyfriend filed a verified motion to intervene and a verified complaint for adjudication of paternity. In his complaint, the boyfriend requested that the husband, the wife, and the child be required to take blood tests to determine paternity and that he be granted primary residence of the child.
The husband responded by filing a motion to estop the wife from denying paternity and a motion to dismiss the complaint to establish paternity, claiming that the boyfriend did not have legal standing to seek a determination of paternity. The husband also asserted that he, as the legal father of the child, had a constitutional right of privacy and that it was not in the child's best interests to have his legitimacy impugned. The husband, simultaneously with his other motions, sought the appointment of a guardian ad litem to represent the minor child in compliance with Department of Health and Rehabilitative Services v. Privette, 617 So.2d 305 (Fla. 1993).
The trial court heard the boyfriend's motion to intervene and the husband's motion to estop and ruled that the boyfriend was permitted to intervene and directed the husband and wife to file timely responses. Consequently, the boyfriend filed another motion for genetic testing. The trial court then heard the boyfriend's motion for genetic testing as well as the husband's motion to dismiss and motion to estop.
On June 7, 1994, the trial court rendered a status conference order in which it indicated that it would appoint a guardian ad litem to assist the court in determining whether it was in the child's best interest to have his legitimacy questioned. No guardian, however, was appointed pursuant to the order. The trial of the cause continued without a guardian present to represent the child's interests.
With respect to the motions to compel genetic testing, the trial court found that the wife's inconsistent positions about paternity and the untimeliness of the paternity challenge evidenced a lack of good faith. The trial court concluded that the testing would be detrimental to the child who is now presumed to be legitimate. The trial court further found the boyfriend had no right to compel the husband to submit to the testing since it would be violative of the husband's constitutional right to privacy.
The trial court, based on its findings, granted the husband's motion to estop the wife from denying paternity, denied the motions for paternity testing, denied the husband's motion to dismiss the complaint to establish paternity, and set aside the order appointing a guardian ad litem dated June 7, 1994, as moot. The trial court later entered an amended order granting the husband's motion to dismiss the boyfriend's complaint with prejudice.
On appeal, the wife and the boyfriend raise various arguments concerning the boyfriend's standing, the appellants' good faith, and the trial court's finding of estoppel; however, we decline to reach these issues since we determine that the trial court erred in failing to appoint a guardian ad litem to represent the child's interests as soon as the issue of paternity was raised. See Department of Health & Rehab. Servs. v. Privette, 617 So.2d 305 (Fla. 1993); Conrad v. Conrad, 663 So.2d 662 (Fla. 2d DCA 1995); Ownby v. Ownby, 639 So.2d 135 (Fla. 5th DCA 1994).
"Once children are born legitimate, they have a right to maintain that status both factually and legally if doing so is in their best interests." Privette, 617 So.2d at 307. When a child's legitimacy is challenged through a petition for a blood test, the trial court is required to hear argument from the parties and a guardian ad litem appointed to represent the child before determining the child's best interests. 617 So.2d at 308. Although Privette was a paternity action, we hold that the principles applied in that case *480 are equally applicable in a dissolution of marriage proceeding. See, e.g., White v. White, 661 So.2d 940 (Fla. 5th DCA 1995).
Thus, we reverse and remand for proceedings in accordance with Privette. Upon remand, the trial court is required to appoint a guardian ad litem to represent the child and to conduct a hearing to: (1) determine if the complaint is factually accurate, is brought in good faith, and is supported by reliable evidence, and (2) determine if "the child's best interests will be better served even if the blood test later proves the child's factual illegitimacy." Privette, 617 So.2d at 308.
Reversed and remanded.
THREADGILL, C.J., and ALTENBERND, J., concur.