670 So.2d 1032 (1996)
Mary ELDER and State of Florida, Department of Revenue, Petitioners,
v.
Richard A. CARTER, Respondent.
No. 95-04326.
District Court of Appeal of Florida, Second District.
March 6, 1996.
Joanna B. Garrett and Charles L. Carlton of Carlton and Carlton, P.A., Lakeland, for Petitioners.
Richard S. Pipkin of Richard S. Pipkin, P.A., MacBeth and Pipkin, Sebring, for Respondent.
PARKER, Judge.
Mary Elder, grandmother of a fourteen-year-old child, and the Florida Department of Revenue, have filed a petition for writ of certiorari challenging a trial court order which established that the Final Judgment of Dissolution of Marriage between Richard Allen Carter and Trudy Ann Carter is not res judicata on the issue of whether Richard Allen Carter is the father of the child. We dismiss the petition.
In 1982 Richard Allen Carter filed a verified Amended Petition for Dissolution of Marriage to dissolve his marriage from Trudy Ann Carter (the wife). In the petition Carter swore under oath that the child born in 1981 was a child born of the marriage and that the child was in the custody of the wife whose whereabouts were unknown. The wife was served process by publication. The clerk entered a default against the wife. The final judgment of dissolution, dated May 6, 1982, dissolved the marriage and stated:
2. That the Husband, RICHARD ALLEN CARTER, is hereby awarded temporary custody of the minor child of the parties, ... born November 12, 1981.
3. That this Court retain jurisdiction to determine all matters of custody and support of the parties minor child....
Thereafter the court entered an order on July 8, 1982, based on a joint stipulation which the attorneys for Carter and the wife *1033 signed, awarding temporary custody of the child to Elder, the maternal grandmother, subject to liberal visitation rights of the parents. In March 1983 Carter filed and then dismissed a supplemental complaint for modification wherein he sought to be named the primary residential parent of the child, alleging an unwholesome environment in the grandmother's residence and the denial of his visitation rights.
In 1995 Elder and the Department of Revenue filed a Petition for Child Support, seeking entry of a judgment requiring Carter to provide child support. Carter filed a counterpetition, requesting the court to order HLA blood tests. The basis for his counterpetition was that the wife recently had made statements that the child was not the child of Carter. Carter testified at the hearing on his counterpetition that he agreed to custody of the child with the grandmother following the wife informing him that the child was not his. Elder testified that other persons had advised her that the wife made that statement to Carter.
The trial court order stated:
1. The Final Judgment of Dissolution of Marriage between RICHARD CARTER and TRUDY ANN CARTER is not res judicata on the issue of paternity in this cause.
2. The petitioner must establish paternity in evidentiary proceedings and not rely solely on said Final Judgment.
It is from this order that the petitioners have filed for a writ of certiorari.
We first note that this order is a nonfinal order which is not appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(A) through (D). As such, Elder and the state may seek review of this order once a final order has been entered in this case. See Fla.R.App.P. 9.130(g).
In reviewing this petition for writ of certiorari, the first issue this court must address is whether the trial court's order creates material harm irreparable by postjudgment appeals. See Parkway Bank v. Fort Myers Armature Works, 658 So.2d 646 (Fla. 2d DCA 1995). Nonfinal orders for which no appeal is provided are reviewable by certiorari only in very limited circumstances. Such orders must depart from the essential requirements of the law and cause material harm to the petitioner throughout the remainder of the proceedings below, leaving the petitioner with no adequate remedy on appeal. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987); Snyder v. Douglas, 647 So.2d 275 (Fla. 2d DCA 1994).
We conclude that this order does not satisfy the first prong of Parkway Bank. The issue of whether the final judgment of dissolution of marriage is res judicata on the issue of paternity still may be appealed following the entry of a final order in this case. Further, before the trial court can enter an order requiring HLA blood-testing of Carter and the child, the court must follow strict requirements which the supreme court established in Department of Health & Rehabilitative Services v. Privette, 617 So.2d 305 (Fla.1993). As this court stated in Conrad v. Conrad, 663 So.2d 662 (Fla. 2d DCA 1995):
We write further to caution the trial court about the special considerations it must weigh before it orders blood tests in a case such as this. There is a strong presumption of a child's legitimacy based on the public policy of protecting the welfare of the child. Department of Health & Rehabilitative Services v. Privette, 617 So.2d 305 (Fla.1993). The child's interests must be represented by a guardian ad litem when a party raises the issue of the child's legitimacy. Privette, 617 So.2d at 308. The court must conduct a hearing to determine if "the child's best interests will be better served even if the blood test later proves the child's factual illegitimacy." Privette, 617 So.2d at 308. The trial court upon remand must consider these principles before it orders further testing.
Conrad, 663 So.2d at 663. Finally, Carter will have the burden of proving by clear and convincing evidence that his counterpetition is accurate factually, is brought in good faith, and likely will be supported by reliable evidence and, most importantly, that the child's best interests will be served better if the child is shown not to be his. See Privette, 617 So.2d at 308.
*1034 We, accordingly, dismiss the petition for writ of certiorari because we conclude that Elder and the state have not fulfilled the first jurisdictional prong of Parkway Bank.
FRANK, A.C.J., and ALTENBERND, J., concur.