714 So.2d 595 (1998)
L.A.L., Petitioner,
v.
D.A.L., Respondent.
No. 98-00941.
District Court of Appeal of Florida, Second District.
July 10, 1998.
*596 Doris A. Bunnell, of Doris A. Bunnell, P.A., Bradenton, for Petitioner.
Thomas S. Hudson, Sarasota, for Respondent.
PER CURIAM.
D.A.L. (donor) and L.A.L. (recipient) entered into a contract whereby the donor would provide sperm to recipient with the expectation that she would become pregnant through artificial insemination and deliver offspring. The agreement provided that if childbirth resulted, the donor would have no parental rights and obligations associated with the delivery, and both parties would be foreclosed from establishing those rights and obligations by the institution of an action to determine the paternity of any such child or children. Notwithstanding the clear language of the contract, after the recipient gave birth to twin boys the donor filed an action in circuit court seeking to establish paternity and an award of those rights associated with it. In defense of the action, the recipient alleged that the contract barred such an action, that section 742.14, Florida Statutes (1997), disallowed sperm donors any parental rights, and that the donor was not in fact the biological father of the children.
The recipient filed a motion for summary judgment, presumably asserting the first two of these defenses, which to-date has not been heard by the trial court. Instead, the trial court elected to hear a motion filed by the donor requesting that the parties and the children first submit to scientific testing to determine paternity pursuant to section 742.12, Florida Statutes (1997). Following a lengthy hearing, the trial judge entered an order requiring the parties to submit to this testing, while acknowledging that the court had not yet ruled upon the applicability of section 742.14 or upon the enforceability of the contract entered into between the parties which by its terms prohibited either of them from instituting a paternity action in the first instance. The recipient filed with this court a petition for writ of certiorari challenging the order requiring scientific testing. We grant that petition, quash the order requiring the parties to submit to testing at this time, and direct the trial court to determine the applicability of section 742.14 and the enforceability of the contract before reaching any factual resolution of the question surrounding the biological fatherhood of the twin boys.
Section 742.14, entitled "Donation of eggs, sperm or preembryos," reads:
The donor of any egg, sperm, or preembryo, other than the commissioning couple or a father who has executed a preplanned adoption agreement under s. 63.212, shall relinquish all maternal or paternal rights and obligations with respect to the donation or the resulting children. Only reasonable compensation directly related to the donation of eggs, sperm, and preembryos shall be permitted.
Should the trial court decide that this statute is constitutionally applicable to the facts in the underlying litigation, the donor, whether or not he is scientifically determined to be the biological parent of these boys, will be foreclosed from all parental rights, including his access to the children.
The agreement which the donor signed in 1994 provides in part:
DONOR ... will not demand, request, or compel any guardianship, custody, or visitation right with any child(ren) born as a result of this artificial insemination procedure. Further, DONOR acknowledges *597 that he fully understands that he will not have any paternal rights whatsoever with said children.... Each party acknowledges and agrees that there shall be no father named on the birth certificate of any child(ren) born as a result of the artificial insemination procedure.... Each party acknowledges and agrees that this AGREEMENT has been executed for the purpose of clarifying her or his intent to release and relinquish any and all rights she or he may have to bring a suit to establish the paternity of an[y] child(ren) born as a result of the artificial insemination procedure.

(Emphasis added.)
Similarly, if the clear intent of the parties to this agreement is enforced by the trial court, the donor's paternity action will be unsuccessful as he waived his right to institute such a proceeding when he entered into this contract.
With that background, at this stage we fail to see how any interests, including the children's, will be served by a scientific test to determine if the donor is in fact the biological father. In fact, we conclude that requiring these tests, should the donor ultimately fail on the key issue of establishing his right to paternity, will disserve the interests of these minor twin boys and their mother. Whether any biological connection exists between the donor and these boys is unquestionably irrelevant to the proceedings at this juncture. We hold that the trial court's order departs from the essential requirements of law which will result in a miscarriage of justice. See Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995). Only at such time as the trial court determines that section 724.14 does not apply to these parties, and that the agreement between the parties is unenforceable, may inquiry be undertaken to ascertain the accuracy of the recipient's allegation that the donor is not in fact the biological father.
The recipient entered into this arrangement with the donor armed with statutory authority and a legal agreement which she relied upon to prevent unmasking the identity of her twin boys' paternity by scientific testing. She is entitled to rely on both of these until the trial court concludes that this reliance was legally ill-advised.
Our certiorari jurisdiction to review pretrial orders is confined to those matters for which there is no adequate remedy available on appeal. See Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646 (Fla. 2d DCA 1995). The order requiring testing and disclosure of the results is incapable of meaningful review on direct appeal from any judgment which may be entered. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). Accordingly, we grant certiorari, quash the subject order, and direct the circuit court to proceed with this paternity litigation in a manner consistent with this opinion.
PATTERSON, A.C.J., and FULMER and CASANUEVA, JJ., concur.