DAVIS, Judge.
Scottsdale Insurance Company petitions this court for a writ of certiorari reversing the trial court’s order granting partial summary judgment to its insured, Florida Medical Clinic, Inc. Because this court lacks jurisdiction to entertain the merits of this petition, we dismiss the petition.
“In considering a petition for certiorari the reviewing court’s first duty is to assess whether the petitioner has made a prima facie showing that the order creates irreparable harm. If the petitioner does not make such a showing, the court lacks jurisdiction and will dismiss the petition.” Morgan, Colling & Gilbert, P.A. v. Pope, 798 So.2d 1, 3 (Fla. 2d DCA 2001). The court must make this determination before it addresses whether the trial court departed from the essential requirements of the law. Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646 (Fla. 2d DCA 1995). “[A] petitioner must establish that an interlocutory order creates material harm irreparable by postjudgment appeal before this court has power to determine whether the order departs from the essential requirements of the law.” Id. at 649.
We conclude that Scottsdale has not met its burden to demonstrate that the challenged order creates irreparable harm. The trial court did not rule on the merits of Scottsdale’s affirmative defense of misrepresentation, but merely ruled Scottsdale’s notice of cancellation ineffective based on the policy’s terms. Because we can discern no injury that cannot be remedied on plenary appeal, we dismiss the petition for certiorari.
Dismissed.
STRINGER, J., and SCHEB, JOHN M., SENIOR JUDGE, Concur.