LaROSE, Judge,
Concurring.
I concur in the court’s denial of Dr. Smith’s petition for issuance of a writ of certiorari. Indeed, our decision in Ondrey compels that result.
Dr. Smith is a neurosurgeon employed by the University of South Florida. The parties do not dispute that Dr. Smith is a State employee. After Dr. Smith operated on Mrs. Rankin, the Rankins sued him for medical malpractice. Dr. Smith sought immunity under section 768.28(9)(a), Florida Statutes (1999). The statute shields a State employee from liability for conduct that injures or damages another. The statute provides immunity not only from liability but also from suit. Lemay v. Kondrk, 928 So.2d 1188, 1192 (Fla. 5th DCA 2006). But, the immunity is not absolute; the statute does not shield a State employee who acts “in bad faith, with malicious purpose, or in wanton and willful disregard of human rights, safety, or property.” Ondrey, 884 So.2d at 54.
The Rankins alleged that Dr. Smith’s conduct was so egregious as to deny him the protections of section 768.28(9)(a). Dr. Smith moved for summary judgment, arguing that the evidence established his immunity under the statute. The trial court denied Dr. Smith’s motion. The trial court concluded that genuine issues of material fact remained for trial concerning Dr. Smith’s preparation for and performance of Mrs. Rankin’s surgery. Based on the record before it, the trial court could not conclude, as a matter of law, that Dr. Smith was immune from liability and suit.
In assessing Dr. Smith’s petition, we examine three issues: (1) whether the trial court’s order departs from the essential requirements of law, (2) whether the order causes material injury, and (8) whether the material injury is irreparable on appeal. See Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA 1995). The last two issues relate to our jurisdiction; the first issue addresses the merits of the petition. Id.
A review of the record convinces me that we have jurisdiction to entertain Dr. Smith’s petition. Because section 768.28(9)(a) can immunize a State employee from suit as well as from liability, Dr. Smith has demonstrated the existence of a material and irreparable injury. Ondrey, 884 So.2d at 54. But, Dr. Smith’s petition fails on the merits. The petition poses a close question in my view. Nevertheless, the record reflects disputed genuine issues of material fact as to whether Dr. Smith falls outside the protections of the immunity statute. Under such circumstances, the denial of a motion for summary judgment does not depart from the essential requirements of law. See id. at 54-55.
We should issue a writ of certiorari sparingly. Fassy v. Crowley, 884 So.2d 359, 362 (Fla. 2d DCA 2004). The standards for issuance of the writ are exacting. Consequently, no other result is possible at this stage of the proceedings. However, whether the evidence at trial will be sufficient to demonstrate that Dr. Smith is not entitled to immunity remains to be seen. I do not believe that our denial of the petition forecloses further examination of the immunity issue as the record is more fully developed in the trial context.