989 So.2d 652 (2007)
Dennis R. DeLOACH, Jr., and Peter T. Hofstra, Petitioners,
v.
Hugh AIRD, Bob (G.W.R.) Anderson, Ian Anderson, Anne Marie Anderson, Armand Archambault, Beverly Armitage, Earnest Armitage, Elias Attar, Jossee Attar, Barbara Bell, Bernice Belliveau, Gail Beron, Kenneth Blanchette, Lucille Blakenship, Harry Blinkhorn, Elizabeth Blinkhorn, John Boitos, Robert Bowman, Terri Brothers, Franklin Wannemacher, Lise Brunet, James Burgess, Edward Burke, Donna Burke, Francis Burke, Andrew Simpson, Paul Butler, Ann Cameron, Gloria Carey, Norman Christman, Patrice Cimon, Lebel Normande, Bernard Coffinet, Kelvin Colbourne, Karen Colbourne, Jack Cole, Paul Cormier, David Costello, Jean-Paul Courchesne, Lise Savage, Charles Coward, Donald Crilly, James Dalle, Carol Dalle, Leo Dembek, Diane Densmore, Derek Dorrell, Juanita Dunn, Frances Eklund, Salvatore Fazzio, Andrea Courtemanche, Gary Ferguson, David Ficarra, Diane Ficarra, Norman Gallant, Carol Gallant, Ralph Lowther, Margaret Gallant, David Garlock, Jeannine Gautreau, Jack Gerber, James Gilmore, Mary Gilmore, Donald Graham, Richard Gordon, Debra Gordon, Virginia Grant, Colette Groulx, Mark Hagenow, Sheila Hager, Charles Hamilton, Ann Hansen, Joan Hayford, Douglas Heys, Marion Hughes, Lorne Inman, Audrey Inman, Joyce Johnson, William Johnson, Joseph Kelly, Mary Kelly, Margaret Krouse, Theodore Kujawa, Patricia Kujawa, Rachel LaBelle, Harold LaBlanc, Olga LaBlanc, Danielle LaPointe, Marcel LaPointe, Robert Linder, Peter J. Luchey, Jacquiline Lupini, Anneliese Lutzi, John Lyons, Richard Mahon, Mary Mahon, John Mallin, Mary Mallin, Michael McDonald, Eugene McGettigan, Brian McGrath, Don McKenzie, Robert McKinley, Glenda McKinley, Jane McMillen, Andrew McNally, Jeanette McNally, Mary McNeill, Patricia McQuarrie, Robert Medley, Linda Medley, Charles Mirasola, Jane Mirasola, Alexander Misczcuk, William Mock, Gloria Mock, Linda Mortimer, John Moxey, Joseph Nassif, Michael Nicienski, Marcia Nitikman, Earl Noll, Lane Nye, Kathleen Nye, Robert O'Mara, Rose O'Mara, Fayanne Parent, Jean Parker, Bennett Parr, Gerald Pawleski, Scott Peterson, Charles Pitman, Linda Pitman, Alice Postek, Karen Radtke, Ruth Randall, Arthur Reed, Gail Reed, Marjorie Reeves, Ronald Roberts, Barbara Roberts, Thomas Robinson, Beverly Robinson, Ralph Robinson, Mathew Roger, Phillip Rost, Bonita Rothenberger, Marian Rowbotham, Leslie Rowbotham, Brian Rumball, Nancy Russo, Donald Schild, Leona Settlemeyer, Shirley Sharp, Frances Shaughnessy, Robert Shuttleworth, C.F. Shuttleworth, Barbara Hakky, Colleen Slaton, Charles Smith, John Smith, Paul C. Snyder, Paul Snyder, Doris Snyder, Stephen Spencer, Yvette Spencer, Edward Stahlnecker, Arthur Stevens, Antoinette Stevens, Anna Struik, Antoni Szudyga, Barbara Szudyga, Taatjes Family Revocable Trust of 2002, Charles Tamborello, Peggy Tamborello, George Telford, Celestina Thie, Debra Thomas, Harley Thompson, Sarah Thompson, Claud Trevet, Gordon Trinkwon, Linda Trinkwon, Eileen *653 Tucker, Melvin Vanlingen, Uilkina Vanlingen, Stanley Telford, Suzanne Vodden, Jack Waggoner, Debra Wassman, Peter Whitmore, Nancy Kasprzak-Whitmore, Wayne Wisnoski, and Mary Woodhouse, Respondents.
No. 2D07-687.
District Court of Appeal of Florida, Second District.
September 7, 2007.
Michael J. Keane and Brandon S. Vesely of Keane, Reese, Vesely & Gerdes, P.A., St. Petersburg, for Petitioners.
Eric C. Pinkard of The Robbins Law Firm, P.A., St. Petersburg, for Respondents.
LaROSE, Judge.
Dennis R. DeLoach, Jr., and Peter T. Hofstra, cotrustees of the Bickley Trust, petition for a writ of certiorari. See Fla. R.App. P. 9.030(b)(2)(A), 9.100. The cotrustees *654 ask us to quash the trial court's interlocutory order allowing the filing of a fourth amended complaint. Because the cotrustees have not presented an issue that invokes our certiorari jurisdiction, we dismiss the petition. See Parkway Bank v. Ft. Myers Armature Works, Inc., 658 So.2d 646, 649 (Fla. 2d DCA 1995).
Our record shows that the Bickley Trust owned the Bay Pines Mobile Home Park in Pinellas County. Litigation erupted when the Bickley Trust sold the park and the new owner evicted the residents. The Bay Pines Mobile Home Park Association sued the cotrustees. An amended complaint added the new owner of the park as a defendant. A second amended complaint was dismissed because it was filed without leave of court. A third amended complaint, purporting to proceed as a class action, also was dismissed. The trial court, however, granted the motion at issue here and allowed the filing of a fourth amended complaint naming well over 150 individual plaintiffs.
"[C]ommon law certiorari is an extraordinary remedy and should not be used to circumvent the interlocutory appeal rule which authorizes appeals from only a few types of non-final orders." Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1098 (Fla.1987). We may review an interlocutory order that is not appealable under Florida Rule of Appellate Procedure 9.130 by petition for certiorari only when the petitioner establishes (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal. See Parkway Bank, 658 So.2d at 648. We examine prongs two and three first to determine our certiorari jurisdiction. Id. at 648-49. "If the jurisdictional prongs... are not fulfilled, then the petition should be dismissed rather than denied." Id. at 649.
In their petition, the cotrustees argue that the time, inconvenience, potential difficulty, and expense associated with proceeding against the numerous new plaintiffs inflict irreparable harm on them. Yet, such travails, actual or perceived, are insufficient to invoke our certiorari jurisdiction. See Parkway Bank, 658 So.2d at 650 (holding consideration of expense and delay insufficient to support issuance of extraordinary writ of certiorari); Riano v. Heritage Corp. of S. Fla., 665 So.2d 1142, 1145-46 (Fla. 3d DCA 1996) (reciting cases and emphasizing that it is not the function of the appellate court to review interlocutory orders in order to save the litigants time and expense).
Petition for writ of certiorari dismissed.
ALTENBERND and SILBERMAN, JJ., Concur.