LaROSE, Judge,
Dissenting.
I dissent. A small blood sample remains. Further testing will consume it. Although the underlying accident occurred almost three years ago, Ms. Wicky still fears prosecution. Her claimed need to maintain the sample for unspecified testing at an unspecified time for purposes of defending against possible criminal charges propels the matter to us.
Our certiorari review is constrained. We may quash the order only if Ms. Wicky demonstrates a departure from the essential requirements of law that causes material and irreparable harm. See DeLoach v. Aird, 989 So.2d 652, 654 (Fla. 2d DCA 2007). The order is tentative. It causes neither material nor irreparable harm. I would dismiss the petition.
Ms. Wicky’s argument distills to two points. First, testing will destroy Ms. Wicky’s ability to conduct her own future tests. Second, the State Attorney should participate in this discovery matter. The order addresses both concerns.
Immediate testing is unavailable. Pending further direction from the trial court, the sample remains with the Pinellas County Forensic Laboratory. Additionally, proceedings before the trial court reflect that the State Attorney must be given notice of and allowed to weigh in on all further proceedings related to the testing.
More critical, however, the trial court recognized Ms. Wicky’s potential need to conduct her own testing. As a result, further court action must precede any testing contemplated by Mr. Oxonian. The order directs the parties to confer “as to the selection of a laboratory and testing methods for the Court’s consideration.” The reason is clear: so Ms. Wicky can propose methodologies that will enable her to do her own contemporaneous tests. As the trial court made clear at its May 1, 2008 hearing:
I just want to see if there is a means to give everyone access at the same time to testing if that can be possible.... [Bjar-ring some proposal that is reasonable and more appropriate I’m going to do it in the fashion that is being sought by plaintiff, but I want to give the defense the opportunity to tell me that they want to have it done in another way and have me consider that.
Ms. Wicky understands that the order is not etched in stone:
[Counsel]: How about an order granting plaintiffs request; however, the manner and who will be doing the testing and what testing will be performed will be done pursuant to an additional order of the Court. *576 The Court: All right. That sounds like a fair means of handling it.
Properly understood, the order addresses adequately Ms. Wicky’s dual concerns. Its tentative nature compels me to see no material, irreparable injury. See Senior Care Group, Inc. v. Estate of Fischer ex rel. Woodworth, 12 So.3d 766 (Fla. 2d DCA 2009).
Because I would dismiss the petition, I will not dwell on the issue of whether the trial court departed from the essential requirements of law in analyzing the discovery motion under rule 1.280. I will observe, however, that it is not plainly evident that the trial court must analyze the motion under rule 1.360. That rule addresses examinations of persons. The blood sample was not obtained in connection with a physical examination conducted in ongoing litigation. I recognize that application of rule 1.360 may be preferable. However, an adequate legal analysis that addresses all competing interests could be done under the more general discovery rules. See Fla. R. Civ. P. 1.280(a), (b)(1), (C), 1.350. In my view, to do so does not constitute a departure from the essential requirements of law.