LaROSE, Judge, Specially
concurring.
I fully concur that the petition for writ of certiorari must be denied.[1] I write to explain my view that the petitioners did not have an unfettered right to choose a particular arbitrator. The parties’ arbitration agreement demanded that a panel of three neutral arbitrators decide the merits of an underlying medical malpractice case.
Paragraph 5 of the arbitration agreement provides that “the parties ... shall each appoint an arbitrator and give notice of such appointment to the other. Within a reasonable time after such notices have been given the two arbitrators so selected shall select a neutral arbitrator and give notice of the selection thereof to the parties.” Paragraph 11(c), however, provides that “claims covered by this [ajgreement will be determined by a neutral panel of arbitrators.”
When the petitioners chose their arbitrator, the respondents objected. They claimed that the arbitrator was not neutral; he was an attorney whose firm represented the petitioners’ liability insurer in other matters. The respondents were concerned that the selected arbitrator could not be fair and impartial. The trial court sustained the objection and directed the petitioners to select another arbitrator. See §§ 682.03-.04, Fla. Stat. (2007).
The petitioners argue that the trial court departed from the essential requirements of the law. More specifically, they argue that the trial court modified the arbitration procedures to which the parties had agreed. They rely principally on Lee v. Marcus, 396 So.2d 208, 209-10 (Fla. 3d DCA 1981), which discusses the nature of three-person arbitration panels and concludes that party-selected arbitrators are not intended to be entirely disinterested or impartial. Apparently, the petitioners believe they are entitled to select an arbitrator who is predisposed to their position. In the abstract, their position is not unrea *1282 sonable. I note that the American Arbitration Association (AAA) allows parties to an arbitration agreement to agree that a party-selected arbitrator will be non-neutral. See AAA Commercial Arbitration Rule 12(b) (2009). But, the petitioners’ position is untenable here.
Paragraph 5 allows the petitioners to select one of the three arbitrators. This is not an absolute right, especially where the trial court had legitimate concerns about actual or perceived bias of the selected arbitrator. The trial court’s decision is amply supported by paragraph 11(c) of the parties’ agreement. Disputes are to be decided by a panel of three neutral arbitrators.
Based on the language of the parties’ arbitration agreement, which is markedly different from the agreement in Lee v. Marcus, I am of the view that the petitioners have failed to show a departure from the essential requirements of the law.

. A certiorari petitioner must establish (1) a departure from the essential requirements of the law (2) resulting in irreparable harm or material injury for the remainder of the cause (3) that cannot be corrected on postjudgment appeal. DeLoach v. Aird, 989 So.2d 652, 654 (Fla. 2d DCA 2007) (citing Parkway Bank v. Ft. Myers Armature Works, Inc., 658 So.2d 646, 649 (Fla. 2d DCA 1995)). We examine prongs two and three first to determine cer-tiorari jurisdiction. Id.