NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


DIOCESE OF VENICE IN FLORIDA, INC; )
DIOCESE OF VENICE IN FLORIDA, a )
corporate sole; BISHOP DEWANE, )
as corporate sole of the Diocese of )
Venice; and ROBERT LITTLE, )
                               )
       Petitioners, )
                               )
v.                              )      Case No. 2D15-3360
                               )
MOTHER DOE, o/b/o G.G. DOE; and )
PAUL DOE, o/b/o JOHN DOE, )
                               )
       Respondents. )
_____ )

Opinion filed February 5, 2016.

Petition for Writ of Certiorari to the Circuit
Court for Lee County; Alane C. Laboda,
Judge.

Hala Sandridge, Carl Joseph Coleman, and
David C. Potter of Buchanan Ingersoll &
Rooney PC, Fort Myers, for Petitioners
Diocese of Venice in Florida, Inc.; Diocese
of Venice in Florida, a corporate sole; and
Bishop Dewane, as corporate sole of the
Diocese of Venice.

Geraldo F. Olivo III of The Wilbur Smith Law
Firm, LLC, Fort Myers, for Petitioner Robert
Little.

Adam D. Horowitz of Farmer, Jaffe,
Weissing, Edwards, Fistos & Lehrman, P.L.,
Fort Lauderdale; and Scot D. Goldberg of
Goldberg, Racila, D'Alessandro & Noone,
LLC, Fort Myers, for Respondent, Mother
Doe.

Marcus W. Viles of Viles & Beckman, LLC,
Fort Myers, for Respondent, Paul Doe.


PER CURIAM.

Denied.


VILLANTI, C.J., and MORRIS, J., Concur.
CASANUEVA, J., Concurs with opinion.


CASANUEVA, Judge, Concurring.

I agree that this petition for writ of certiorari must be denied because the

trial court did not depart from the essential requirements of the law in ordering an ex

parte hearing. See Parkway Bank v. Fort Myers Armature Works, Inc., 658 So. 2d 646,

648 (Fla. 2d DCA 1995) (holding that a petitioner seeking a writ of certiorari "must

establish (1) a departure from the essential requirements of the law, (2) resulting in

material injury for the remainder of the trial (3) that cannot be corrected on

postjudgment appeal").  However, I note that the closure of civil proceedings is

governed by Barron v. Florida Freedom Newspapers, Inc., 531 So. 2d 113 (Fla. 1988),

and compliance with Canon 3B(7) of the Code of Judicial Conduct does not necessarily

meet the requirements outlined in <u>Barron</u>.  Regardless, this issue was not raised in the

trial court or in this court, and this court is precluded from addressing it in this limited

certiorari proceeding.