NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ST. JOSEPH'S HOSPITAL, INC.,          )
                                      )
            Petitioner,               )
                                      )
v.                                    )          Case No. 2D16-2122
                                      )
JANE DOE,                             )
                                      )
            Respondent.               )
_____  )

Opinion filed January 13, 2017.

Petition for Writ of Certiorari to the Circuit
Court for Hillsborough County, Mark R.
Wolfe, Judge.

H. Hamilton Rice, III, and Katherine M.
Benson of Bush Graziano Rice & Platter,
P.A., Tampa, for Petitioner.

Jennifer Erin Jones and John R. Hightower,
Jr., of McIntyre, Thanasides, Bringgold,
Elliott, Grimaldi & Guito, P.A., Tampa, for
Respondent.


SLEET, Judge.

        St. Joseph's Hospital seeks certiorari review of the trial court's order

denying its motion for summary judgment in Jane Doe's action against St. Joseph's.

Ms. Doe's lawsuit stems from her allegation that she was sexually assaulted by a

hospital employee while she was a patient in the hospital's mental health care facility.

In its motion for summary judgment, St. Joseph's argued that Ms. Doe's claims sounded in medical negligence and that therefore she was required to adhere to the presuit notice requirements set forth in chapter 766, Florida Statutes (2010), which undisputedly she did not do. Because we conclude that count two of Ms. Doe's complaint was indeed a claim for medical negligence, we grant the petition as to that count only and deny the petition as to count one of the complaint.

In order to be entitled to certiorari relief, "[a] petitioner must establish (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal." Parkway Bank v. Fort Myers Armature Works, Inc., 658 So. 2d 646, 648 (Fla. 2d DCA 1995). The latter two jurisdictional prongs of this standard are satisfied as "[t]he statutes requiring presuit notice and screening 'cannot be meaningfully enforced postjudgment because the purpose of the presuit screening is to avoid the filing of the lawsuit in the first instance.' " Fassy v. Crowley, 884 So. 2d 359, 363 (Fla. 2d DCA 2004) (quoting Parkway Bank, 658 So. 2d at 649). Accordingly, "for certiorari relief to be granted, the trial court's order must depart from the essential requirements of the law." GalenCare, Inc. v. Mosley, 59 So. 3d 138, 140 (Fla. 2d DCA 2011).

Here, St. Joseph's argued in its petition for writ of certiorari that the trial court departed from the essential requirements of law by determining that the allegations in Ms. Doe's complaint did not amount to medical negligence. Section 766.202(7) defines "medical negligence" as "medical malpractice, whether grounded in tort or in contract," and section 766.106(1)(a) defines a claim for medical malpractice as "a claim, arising out of the rendering of, or the failure to render, medical care or services." Thus, the "key inquiry" in determining if a claim is one for medical

malpractice under chapter 766 is "whether the action aris[es] out of any medical, dental, or surgical diagnosis, treatment, or care." Fassy, 884 So. 2d at 364 (alteration in original) (quoting J.B. v. Sacred Heart Hosp. of Pensacola, 635 So. 2d 945, 947 (Fla. 1994)).

In her complaint, Ms. Doe alleged that while she was a mental health patient at St. Joseph's, a mental health technician employed by the hospital sexually assaulted her in her room. She further alleged that when she reported the incident to hospital officials, they tried to intimidate her and failed to investigate the allegation. Specifically, count one of the complaint was for negligence and alleged in part as follows:

> 14. At all times material hereto, St. Joseph's was aware, or should have been aware, of the prevalence of sexual assaults of patients by hospital employees and the high risk of such assaults of patients by hospital employees and the high risk of such assaults occurring, especially in mental health care facilities.
>
> 15. St. Joseph's had a duty to exercise reasonable care to protect Ms. Doe from reasonably foreseeable sexual assaults by its employees, and to ensure her safety and well-being while in St. Joseph's custody and care.
>
> 16. St. Joseph's breached its duty of care to Ms. Doe by failing to exercise reasonable care to prevent Ms. Doe from being sexually assaulted. Ms. Doe's attacker was able to enter and exit Ms. Doe's room repeatedly on the evening of the assault and engage in highly suspicious activity in the common areas before the assault. Reasonable care required St. Joseph's to adopt and employ procedures to identify suspicious behavior to prevent forthcoming attacks.

It is clear that the allegations in count one do not "aris[e] out of any medical, dental, or surgical diagnosis, treatment, or care." See id. (quoting J.B., 635 So. 2d at 947). Ms. Doe alleged that St. Joseph's did not protect her from a sexual

assault by its employee, who was able to enter and exit her room several times at night without supervision. Nothing about these allegations concerning negligent supervision and negligent security involved medical care or services. As such, the trial court did not depart from the essential requirements of law by denying St. Joseph's motion for summary judgment as to count one.

But in count two of her complaint, Ms. Doe alleged violations of section 766.110, which is entitled "Liability of healthcare facilities":

> 20. At all times material hereto, St. Joseph's was a health care facility as defined in [c]hapter 395 of Florida Statutes.

> 21. In addition to its common law duties, St. Joseph's had separate duties pursuant to Florida Statutes, [section] 766.110 to provide risk management and assure the competence of its personnel, through the adoption of a comprehensive risk management program in compliance with [section] 395.0197, Florida Statutes, and through the diligent administration of the procedures and risk management processes, including the supervision of personnel.

> 22. Pursuant to Florida Statutes, [section] 395.0197, St. Joseph's is responsible for investigating and reporting any allegation of sexual misconduct by an employee on St. Joseph's grounds. St. Joseph's failed to fulfill this obligation after the sexual assault was reported to hospital authorities.

> 23. St. Joseph's breached its obligation to diligently administer its procedures, to supervise and monitor its hospital personnel, and to investigate and report Ms. Doe's allegations of sexual abuse.

Section 766.110(1) states that

> [a]ll health care facilities, including hospitals and ambulatory surgical centers, as defined in chapter 395, have a duty to assure comprehensive risk management and the competence of their medical staff and personnel through careful selection and review, and are liable for a failure to exercise due care in fulfilling these duties.

- 4 -

The statute further requires that all health care facilities (1) adopt "written procedures for the selection of staff members and a periodic review of the medical care and treatment rendered to patients by each member of the medical staff," (2) adopt "a comprehensive risk management program which fully complies with the substantive requirements of s. 395.0197," and (3) initiate and administer these "medical review and risk management processes . . . including the supervision of the medical staff and hospital personnel to the extent necessary to ensure that such medical review and risk management processes are being diligently carried out."  § 766.110(1)(a)-(c).

Ms. Doe specifically alleged in count two of her complaint that St. Joseph's violated the requirement of section 766.110 that it have and comply with a comprehensive risk management program pursuant to section 395.0197, Florida Statutes (2010).  Chapter 395 is entitled "Hospital Licensing and Regulation," and section 395.0197 provides in pertinent part as follows:

> (1) Every licensed facility shall, as a part of its administrative functions, establish an internal risk management program that includes all of the following components:
>
> (a) The investigation and analysis of the frequency and causes of general categories and specific types of adverse incidents to patients.
>
> (b) The development of appropriate measures to minimize the risk of adverse incidents to patients . . . .
>
> . . . .
>
> (c) The analysis of patient grievances that relate to patient care and the quality of medical services.
>
> (d) A system for informing a patient or an individual identified pursuant to s. 765.401(1) that the patient was the subject of an adverse incident, as defined in subsection (5). Such notice shall be given by an appropriately trained person designated by the licensed facility as soon as practicable to

> allow the patient an opportunity to minimize damage or injury.
>
> (e) The development and implementation of an <u>incident reporting system</u> based upon the affirmative duty of all health care providers and all agents and employees of the licensed health care facility to report adverse incidents to the risk manager, or to his or her designee, within 3 business days after their occurrence.

(Emphasis added.)

By the statute's plain language, a section 395.0197 internal risk management program pertains to "adverse incidents" in hospitals and healthcare facilities. Section 395.0197(5) defines "adverse incident" as "an event over which health care personnel could exercise control and which <u>is associated in whole or in part with medical intervention</u>." (Emphasis added.)

Based on this language, any claim pleaded under section 395.0197 is necessarily a medical negligence claim because that section only requires hospitals and healthcare facilities to investigate "adverse incidents," which by definition are "associated in whole or in part with medical intervention," § 395.0197(5), and therefore necessarily "aris[e] out of . . . medical, dental, or surgical diagnosis, treatment, or care," <u>see</u> <u>Fassy</u>, 884 So. 2d at 364 (quoting <u>J.B.</u>, 635 So. 2d at 947). Ms. Doe simply cannot plead count two under sections 766.110 and 395.0197 and allege a violation of a statutory duty to institute and maintain a risk management program concerning adverse incidents associated with medical intervention without complying with the presuit notice requirements of chapter 766. Furthermore, we note that in this case her specific allegations of sexual assault do not meet the statutory definition of an "adverse incident."

We therefore conclude that the trial court departed from the essential requirements of law by denying St. Joseph's motion for summary judgment as to count two only. We thus grant the petition in part, deny it in part, and quash only the portion of the trial court's order that denied summary judgment as to count two.

Granted in part; denied in part.

WALLACE and SALARIO, JJ, Concur.