DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

CAROLYN HOSKINS and LOLITA E. JOHNS, her wife,

Petitioners,

v.

JENNA HARRISON, D.O., and WOMEN'S CARE FLORIDA, LLC,

Respondents.

No. 2D2025-2263
_____

April 22, 2026

Petition for Writ of Certiorari to the Circuit Court for Pinellas County;
Thomas M. Ramsberger, Judge.

Adam Richardson of Burlington & Rockenbach, P.A., West Palm Beach;
and Wesley T. Straw, Matthew D. Emerson, and Nicole M. Ziegler of
Emerson Straw, P.L., St. Petersburg, for Petitioners.

Dinah S. Stein and Philip M. Berberian of Hicks, Porter & Stein, P.A.,
Miami; and Mindy McLaughlin of Beytin, McLaughlin, McLaughlin,
Osborne, Brumby, Hoffman & Mirelman, P.A., Tampa, for Respondent
Women's Care of Florida, LLC.

No appearance for remaining Respondent.


KHOUZAM, Judge.

        This is a medical malpractice action by Carolyn Hoskins and Lolita
E. Johns against Jenna Harrison, D.O., and Women's Care of Florida,

LLC.  In this court, Petitioners seek a writ of certiorari to quash an order granting Respondent Women's Care's motion to dismiss a claim without prejudice on the basis of a failure to satisfy the presuit notice provisions set forth in chapter 766 of the Florida Statutes.  Because Petitioners have not established the jurisdictional prerequisite of irreparable harm, settled Florida law requires us to dismiss the petition.

## BACKGROUND

Petitioners' complaint frames four counts: (I) a medical negligence claim against Dr. Harrison, (II) a vicarious liability count against Women's Care, (III) a direct liability count against Women's Care, and (IV) a loss of consortium claim against both defendants.  The petition in this court concerns only count III for direct liability against Women's Care.

Below, Women's Care moved to dismiss count III.  Although it did not contest the sufficiency of Petitioners' presuit notice as to the other claims, Women's Care contended they had nonetheless failed to satisfy the mandatory requirements of chapter 766 with respect to count III.

Petitioners opposed Women's Care's motion to dismiss, asserting that they had indeed satisfied all applicable conditions precedent.  In the alternative, Petitioners argued that because they were well within the limitations period, the proper resolution of any presuit deficiency would be to either abate the claim or dismiss it without prejudice, thereby giving Petitioners the opportunity to cure.

Following a hearing and supplemental briefing, the trial court granted Women's Care's motion.  It specified that the ruling was without prejudice and that the action would be stayed while Petitioners initiated presuit procedures anew with respect to count III.  This petition followed.

2

## ANALYSIS

"The common law writ of certiorari is an 'extraordinary remedy.' " *Univ. of Fla. Bd. of Trs. v. Carmody*, 372 So. 3d 246, 251 (Fla. 2023) (quoting *Mintz Truppman, P.A. v. Cozen O'Connor, PLC*, 346 So. 3d 577, 579 n.6 (Fla. 2022)). "Certiorari review is not a substitute for an appeal and 'is intended to be available only in very limited circumstances.' " *Id.* at 252 (quoting *Nader v. Fla. Dep't of Highway Safety & Motor Vehicles*, 87 So. 3d 712, 722 (Fla. 2012)).

As to the applicable certiorari standard, this court has explained:

> A certiorari petition must satisfy three requirements before a district court can grant relief from an erroneous interlocutory order. "A petitioner must establish (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal."

*Fassy v. Crowley*, 884 So. 2d 359, 363 (Fla. 2d DCA 2004) (quoting *Parkway Bank v. Fort Myers Armature Works, Inc.*, 658 So. 2d 646, 648 (Fla. 2d DCA 1995)). Because "the final two prongs of the test are jurisdictional," they must be satisfied first, "before [the district court] is empowered to determine whether to grant relief on the merits, i.e., whether the nonfinal order departs from the essential requirements of the law." *Id.* (citing *Parkway Bank*, 658 So. 2d at 649).

Here, we do not reach the merits questions because Petitioners have not established that this court has jurisdiction to grant the requested relief. That is, neither in their briefs nor during pointed questioning at oral argument have Petitioners identified any legally recognized irreparable harm flowing from the without-prejudice ruling.

Although Petitioners point to the requirement that they now must restart the count III presuit procedures anew, "[t]he fact that a petitioner will incur litigation expenses is normally not enough to meet the

3

irreparable harm test." *Est. of Quinn v. CCRC OPCO Freedom Square LLC*, 320 So. 3d 300, 304 (Fla. 2d DCA 2021) (alteration in original) (quoting *AVCO Corp. v. Neff*, 30 So. 3d 597, 601 (Fla. 1st DCA 2010)); *see also Citizens Prop. Ins. v. San Perdido Ass'n*, 104 So. 3d 344, 353 n.6 (Fla. 2012) ("stress[ing] that . . . increased litigation expenses cannot alone constitute irreparable harm"); *cf. Rodriguez v. Miami-Dade County*, 117 So. 3d 400, 405 (Fla. 2013) ("reiterat[ing] that the continuation of litigation and any ensuing costs, time, and effort in defending such litigation does not constitute irreparable harm" and that "[t]hus, the use of certiorari review is improper in such an instance").

As Women's Care asserts, the trial court's ruling here has not terminated any action, barred Petitioners from pursuing any claim, or interfered in any way with their access to the courts. Nor, as the plaintiffs, have Petitioners raised any claim for immunity. Rather, the court merely found their presuit notice defective in part and gave them an opportunity to cure it while staying the litigation on the other claims.

Regardless of the merits of that ruling, it caused no irreparable harm recognized under Florida law as warranting certiorari relief. In the absence thereof, we are bound to dismiss the petition for lack of jurisdiction. *See, e.g., Damsky v. Univ. of Miami*, 152 So. 3d 789, 792 (Fla. 3d DCA 2014) ("Mere legal error without irreparable harm, even a departure from the essential requirements of law . . . is not a basis for the issuance of a writ of certiorari. Unless the petitioner establishes irreparable harm, the court must dismiss the petition for lack of jurisdiction.").

Dismissed.

NORTHCUTT and VILLANTI, JJ., Concur.

Opinion subject to revision prior to official publication.